CATHERINE TAYLOR, Respondent, *v.* WASHINGTON H. TAYLOR, Appellant.

1. ACTION FOR A SEPARATION. Where it appears, in an action for separation and alimony brought by a wife against her husband, that prior to a ceremonial marriage between plaintiff and defendant in 1871 plaintiff had married another, with whom she lived about two years, when he disappeared; that long before her marriage to defendant she was unable to learn anything of her first husband's whereabouts by diligent inquiry; that she had believed him to be dead for a period of more than five years prior to her marriage to defendant; that he did die in 1878, which fact was communicated to plaintiff and defendant shortly thereafter; and that, with knowledge thereof, they continued to live together as man and wife, holding themselves out as such to the world for a period of about eleven years and until the year 1889 — these facts, together with a finding that defendant had abandoned plaintiff and refused and neglected to support her, furnish sufficient support for a judgment of separation and for an allowance of alimony.

2. COUNTERCLAIM THAT PLAINTIFF HAD HUSBAND LIVING. Where the answer contains a counterclaim that the plaintiff had a husband living at the time of her marriage with defendant, but under the reply she is entitled to offer proof of a later contract of marriage than the ceremonial marriage, a motion for judgment annulling the latter marriage, at the beginning of the trial, is properly denied.

3. WHEN VOIDABLE MARRIAGE NOT A GROUND FOR DISMISSAL OF THE COMPLAINT. Where defendant moved, after the plaintiff had rested, to dismiss the complaint upon the ground that plaintiff's first husband was alive at the time of her marriage to defendant, and the only evidence thereof was in plaintiff's reply, which, taken as a whole, brought the marriage to defendant within the statutory definition of "voidable marriages" (L. 1896, ch. 272, § 4), the motion is properly denied.

*Taylor* v. *Taylor*, 63 App. Div. 231, affirmed.

(Argued December 17, 1902; decided January 13, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 12, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David B. Hill, Robert M. Moore* and *William W. Cant-well* for appellant. The motion for judgment upon the counterclaim, made at the opening of the case, and for a dismissal of the complaint, at the close of the plaintiff's case, should have been granted, and the exceptions to the denial of those motions were well taken. (*Amory* v. *Amory,* 6 Robt. 514; *Clark* v. *Clark,* 5 Hun, 340; *J. W. B.* v. *F. D. B.,* 11 N. Y. Leg. Obs. 350; *McNamara* v. *McNamara,* 9 Abb. Pr. 18; *De Meli* v. *De Meli,* 67 How. Pr. 20; *Leslie* v. *Leslie,* 11 Abb. Pr. [N. S.] 311; *Anonymous,* 17 Abb. Pr. 48; *Doe* v. *Roe,* 23 Hun, 19; *Fullmer* v. *Fullmer,* 6 Wkly. Dig. 22, 42; *Campbell* v. *Campbell,* 12 Hun, 636; *Blanc* v. *Blanc,* 67 Hun, 384.) The judgment of separation is not based upon the issues presented by the pleadings or the theory upon which the trial was conducted, and the court erred in rendering judgment upon a common-law marriage in the absence of any such allegation in the pleadings and expressed statement of counsel for the plaintiff, that the plaintiff did not rely upon a common-law marriage, but upon a ceremonial marriage as alleged in the complaint. (*Wright* v. *Delafield,* 25 N. Y. 266; *Day* v. *New Lots,* 107 N. Y. 155; *Biershenk* v. *Stokes,* 7 Misc. Rep. 692; *Romeyn* v. *Sickles,* 108 N. Y. 651.)

*Alexander S. Bacon* for respondent.

PARKER, Ch. J. We are unable to consider the very interesting questions presented by appellant's counsel on this review for the lack of exceptions properly presenting them.

The trial court found that prior to the ceremonial marriage of plaintiff and defendant, and on January 12, 1860, plaintiff married one James Dennis, with whom she lived until 1862, when he disappeared; that long before her marriage to defendant she made inquiries about Dennis among his friends and others with the result that she was unable to learn anything of his whereabouts; that she had believed him to be dead for a period of more than five years prior to her marriage to defendant; that he did die in 1878, which fact was communi-

cated to plaintiff and defendant shortly thereafter and that, with knowledge thereof, they continued to live together as man and wife, holding themselves out as such to the world for a period of about eleven years, and until the year 1889, thereby creating a new and valid marriage contract.

. These facts, together with a finding that defendant had abandoned plaintiff and refused and neglected to support her, furnish sufficient support for the judgment of separation directed by the trial court and for an allowance of alimony.

These findings of fact having been unanimously affirmed by the Appellate Division, our inquiry must be confined to two exceptions which are to be found in the record.

In order to appreciate their force it will be necessary to briefly refer to the pleadings. The complaint alleges a cere-monial marriage between plaintiff and defendant on January 6, 1871; their living together as husband and wife until 1889; cruel and inhuman treatment on the part of defendant with-out cause or provocation by plaintiff; her abandonment by defendant with failure on his part to contribute toward her support, and demands judgment for separation with a reason-able provision for her support.

The answer admits the ceremonial marriage alleged in the complaint, but denies that it was legal or valid because of a prior marriage between plaintiff and one James Dennis, which was in force at the time of the ceremonial marriage between plaintiff and defendant, and demands judgment in his favor declaring the marriage contract between plaintiff and defend-ant void and annulling the said marriage.

The reply denies that defendant was without knowledge of plaintiff's prior marriage; alleges that for more than five years immediately preceding her marriage with plaintiff Den-nis had absented himself from plaintiff, and that she was informed and verily believed that he was dead, all of which was known to defendant, and that for more than ten years after the death of Dennis plaintiff and defendant lived together as man and wife under a valid contract of marriage.

The cause coming on for trial defendant's counsel moved

for judgment, upon the counterclaim contained in the answer, annulling the marriage alleged to have taken place between plaintiff and defendant in 1871. This motion was denied, and properly so, for the reason that under the reply plaintiff was entitled to offer proof of a later contract of marriage than the ceremonial marriage of 1871, for the reply alleged, as we have noted, that for more than ten years after the death of Dennis plaintiff and defendant lived together as man and wife under a valid contract of marriage.

After plaintiff had rested, the following took place: "Defendant's counsel moved for judgment dismissing the complaint, on the ground that the evidence discloses the fact that the plaintiff was married in 1860; that her husband was alive at the time of the marriage to Mr. Taylor, in 1871, and that the evidence fails to disclose the contraction of any common-law marriage. Plaintiff's counsel: We have not offered any evidence of that sort that I am aware of. We rested on the Methodist marriage in 1871. Defendant's counsel: The plaintiff stated that they rested on the marriage of 1871; and the evidence disclosing the fact that the marriage was at least voidable; and we having asked for a decree voiding that marriage, it seems to me the plaintiff's case must fail upon that state of facts. Motion denied; exception."

It will be noted that defendant did not move for judgment upon the counterclaim alleged in his answer, as he had upon the opening, and if he had it may well be that the question would have been presented whether the matter alleged constituted a good counterclaim, for while it is true that when plaintiff rested no evidence had been offered tending to show a common-law marriage after the death of Dennis, the pleadings established that fact, so that the case stood at that time precisely as if plaintiff had proved the ceremonial marriage between herself and defendant in 1871, whereupon defendant had proved plaintiff's marriage with Dennis many years before, and that he did not die until 1878, and plaintiff had thereupon rested without attempting to prove a marriage contract between the parties to the action made subsequent to the

death of Dennis or any other fact, except that when she mar-
ried plaintiff, and for five years before, she believed Dennis
to be dead.   But that was not the motion made.

What the defendant's counsel asked the court to do was to
dismiss the complaint " on the ground that the evidence dis-
closes the fact that the plaintiff was married in 1860 ; that her
husband was alive at the time of the marriage to Mr. Taylor
in 1871."

No witness testified to that fact and the only evidence of it
from the standpoint of defendant was in plaintiff's reply, and
it must be considered in connection with the rest of the
paragraph which, as a whole, is to the effect that while she
was married to Dennis he had absented himself for more than
five years preceding her marriage with defendant, during
which time she believed he was dead, all of which was known
to defendant.   Taking the entire paragraph — as defendant
must if he uses any portion of it as an admission (*Gildersleeve
v. Landon,* 73 N. Y. 609) — the situation presented to the
court was one where the ceremonial marriage contract between
plaintiff and defendant in 1871 was not void but voidable,
for the Revised Statutes provide (Laws of 1896, ch. 272,
§ 3) : " Void Marriages.— A marriage is absolutely void if
contracted by a person whose husband or wife by a former
marriage is living, unless   *   *   .*   such former husband
or wife has absented himself or herself for five succes-
sive years then last past without being known to such person
to be living during that time."   Section 4 of the same act
provides : " Voidable Marriages.— A marriage is void from
the time its nullity is declared by a court of competent juris-
diction if either party thereto   *   *   *   has a husband or
wife by a former marriage living, and such former husband
or wife has absented himself or herself for five successive
years then last past without being known to such party to be
living during that time."

Plaintiff's reply brought her marriage with defendant
within section 4, and, therefore, as the case stood when defend-
ant moved to dismiss the complaint, all defendant could claim,

after invoking the reply in his behalf, was that the marriage between plaintiff and defendant was voidable. That being the situation, the court was not at liberty to dismiss the complaint although it would have been quite otherwise had the pleadings, considered in connection with the testimony, brought the case under section 3, for then the marriage contract would have been wholly void.

It is said that — the cause having been tried by plaintiff and defendant upon the theory that plaintiff relied solely upon the marriage in 1871 — it was error for the trial court to find in effect that there was a common-law marriage between plaintiff and defendant after the death of Dennis. We are unable to find any exception that presents that question. The exception taken to the motion to dismiss the complaint — which we have been considering — is the exception relied upon, but it is not available for that purpose, as it was an exception taken to a denial of a motion and not to a comment of plaintiff's counsel or to a ruling of the court based upon an admission of plaintiff's counsel. His statement, in substance, was that he had not offered any evidence of a common-law marriage, but rested upon the Methodist marriage of 1871, and that is true, as the record discloses. Later on he offered evidence tending to show a common-law marriage after the death of Dennis; and he was at perfect liberty to do so provided the evidence offered was within the issues as framed by the pleadings; and if it was not, it was the plaintiff's privilege to attempt to exclude the evidence by objection, but he did nothing of the kind. And so without objection of any kind plaintiff was in the end permitted to prove such facts as induced the trial court to find a common-law marriage between plaintiff and defendant after the death of Dennis, which, as we have seen, furnished with the other facts found sufficient support for the judgment rendered.

The judgment should be affirmed, with costs.

GRAY, O'BRIEN, BARTLETT and HAIGHT, JJ., concur; CULLEN and WERNER, JJ., absent.

Judgment affirmed.