### Abraham Weinberg, Appellant, v. Fanny Sterman Weinberg, Appellee.

#### Gen. No. 30,890.

1. MARRIAGE—*nullity of marriage of first cousins.* Under Cahill's St. ch. 89, ¶ 1, and ch. 38, ¶ 357, a marriage in this State between persons who are cousins of the first degree is absolutely

void, and ineffectual under any circumstances to bind the parties or to confer marital rights.

2. MARRIAGE—*nullity of marriage of first cousins solemnized without State in violation of Uniform Marriage Evasion Act.* Where persons prohibited to intermarry because of consanguinity by Cahill's St. ch. 89, ¶ 1, being residents of this State, leave it for the sole purpose of having their marriage solemnized under the laws of a State wherein such marriages are not prohibited, and thereafter return to and continue their residence in this State, their marriage is null and void.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Reversed and remanded with directions. Opinion filed November 29, 1926.

HENRY J. BRANDT, for appellant.

No appearance for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the complainant from a decree which dismissed his bill of complaint for want of equity.

The bill of complaint alleges that the complainant was married to the defendant in the city of Louisville, Kentucky, on August 27, 1924; that they immediately returned to Chicago after the said marriage; that they never cohabited, it having been agreed between them that they should not live together until said marriage was celebrated according to the Hebrew rites, which was never done; that on September 6, 1924, defendant returned with her mother to Buenos Aires, Argentine, South America, where she has continued to reside ever since.

The bill further avers that the defendant is a first cousin of said complainant; that neither the defendant nor the complainant was ever a resident of the State of Kentucky, and that at the time of the marriage

both were residents of the State of Illinois; that they never intended to reside in the State of Kentucky, and that at the time of the said marriage there was a statute in force in the State of Illinois declaring marriages between cousins incestuous and void; that said statute, being section 1, chapter 89, Illinois Revised Statutes [Cahill's St. ch. 89, ¶ 1] provides:

"That hereafter marriages between parents and children, including grand-parents and grand-children of every degree, between brothers and sisters of the half, as well as of the whole blood, between uncles and nieces, aunts and nephews, and between cousins of the first degree, are declared to be incestuous and void. This section shall extend to illegitimate as well as legitimate children and relations."

The bill prayed that the marriage between complainant and defendant might be decreed to be null and void *ab initio* and for other relief. Defendant was served by publication, but has not appeared.

Upon the hearing the complainant testified that he had lived in Chicago, Illinois, for 18 years; that the defendant was his first cousin, being the daughter of the sister of his mother; that he was 26 and she 21 years of age at the time of the marriage which was celebrated at Louisville, Kentucky; that they did not intend to reside in Kentucky but "just went there for the ceremony and came right back to Illinois"; that they went to Kentucky because he had been told that the marriage of cousins in Kentucky was legal but that it was illegal in Illinois; that he knew that he went to Kentucky to avoid the law; that the marriage took place in Louisville on August 27, 1924; that both parties resided in Chicago and returned to Chicago immediately after the ceremony. In fact, every material allegation of the bill seems to have been sustained by the evidence of complainant and other witnesses.

That section of the statute which is above quoted as part of the bill has been construed in this State in

*Arado v. Arado*, 281 Ill. 123, and it was there held that a marriage between cousins of the first degree was void in the sense of being a nullity; that it was ineffectual under any circumstances to bind the parties or to confer marital rights; that it was not to be construed as being voidable or possessing validity until disaffirmed, and that the right to disaffirm might not be lost by conduct creating an equitable estoppel. The reasoning in that case was based to a great extent upon paragraph 357 of chapter 38 of the Criminal Code [Cahill's St. ch. 38, ¶ 357] which provides in substance that marriages between persons within the degrees of consanguinity are incestuous and void, and that persons entering into such marriages shall be punished by imprisonment in the penitentiary.

Moreover, there was in existence at the time these parties left the State of Illinois for the purpose of having their marriage solemnized in the State of Kentucky, another statute known as the Uniform Marriage Evasion Act, approved June 25, 1915 (chapter 89, page 1670, Smith-Hurd's Illinois Rev. St. 1925; Cahill's St. ch. 89, ¶ 20), which act provides:

"That if any person residing and intending to continue to reside in this State and who is disabled or prohibited from contracting marriage under the laws of this State shall go into another State or country and there contract a marriage prohibited and declared void by the laws of this State, such marriage shall be null and void for all purposes in this State with the same effect as though such prohibited marriage had been entered into in this State."

This statute has not been repealed and must, we think, be held, in cases where it is applicable, to have changed the general rule that the validity of a marriage is determined by the law of the place where the contract is entered into.  We think the complainant is entitled under the evidence to the relief prayed

for in his bill. The decree will therefore be reversed and the cause remanded with directions to enter such a decree.

*Reversed and remanded with directions.*

McSURELY, P. J., and JOHNSTON, J., concur.