**John B. Hunt, Plaintiff in Error, v. Tillie Hunt, Defendant in Error.**

**Gen. No. 32,958.**

Opinion filed April 30, 1929.

JULIUS LIMBACH, for plaintiff in error.

FRANK E. MAKEEL, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On March 25, 1926, complainant filed a bill in the superior court of Cook county, praying for the annulment of his marriage with defendant, which occurred on December 21, 1916, at Crown Point, Indiana. Defendant filed an answer, denying that he was entitled to such relief, and also filed a cross-bill for a divorce, charging him with extreme and repeated cruelty. Complainant filed exceptions to defendant's answer and demurred to her cross-bill. Subsequently he withdrew the exceptions and by leave of court filed an amended bill to which defendant filed an answer. He did not file a replication but on his motion the cause was set for hearing upon the amended bill and answer, presumably in accordance with the provisions of section 29 of the Chancery Act, Cahill's St. ch. 22, ¶ 29. Subsequently such a hearing was had, and on June 22, 1928, the court dismissed the amended bill for want of equity, and also dismissed defendant's cross-bill. By the present writ of error complainant seeks to reverse the court's decree dismissing said bill for want of equity. No cross-errors have been assigned by defendant.

In the amended bill, after setting forth his supposed marriage with defendant (as Tillie Aster) at said time and place, complainant alleged that he is and has been for more than one year last past a resident of Illinois; that after said marriage and until about March 25, 1925, the parties lived and cohabited together as hus-

band and wife; that at the time of the marriage defendant had a husband, E. LeRoy Aston, who then was and still is living and who then was not divorced from her; that Aston and defendant were lawfully married on September 6, 1906, at St. Louis, Missouri, and for a considerable time thereafter lived and cohabited together as husband and wife; that Tillie Aster and Tillie Aston are one and the same; that defendant deserted Aston; that on April 15, 1920, Aston in the superior court of Cook county, Illinois, obtained a decree of divorce from defendant on the ground of desertion; that at the time of complainant's supposed marriage with defendant on December 21, 1916, he had no knowledge of her prior marriage with Aston and did not ascertain that fact until about March 25, 1925; and that he immediately consulted counsel, was advised as to his legal status, and thereupon discontinued his cohabitation with defendant.

In defendant's answer she admitted that complainant had been a resident of Illinois for more than one year prior to the filing of his original bill, that the parties were married in Indiana at the time and place as alleged, that thereafter they cohabited together as husband and wife, and that they have one child. She, however, alleged that said cohabitation continued beyond March 25, 1925, and until May 11, 1925, at which date complainant abandoned defendant and the child, and has ever since remained away from them and refused to contribute to their support. She further admitted that she was lawfully married to Aston on September 6, 1906, at St. Louis, that they cohabited together for 4 or five years thereafter, and that on April 15, 1920, *after* her said marriage with complainant, Aston obtained a divorce from her on the ground of desertion. She further alleged that when she married complainant in December, 1916, she "was credibly informed and fully believed that said Aston had either died or had obtained a divorce from her, and that she

entered into said marriage with complainant in good faith, believing that she was at that time free to marry''; that complainant, at the time of his marriage to her in December, 1916, had full knowledge of her former marriage to Aston; that he also had knowledge that in April, 1920, Aston obtained a divorce from her; that nevertheless he continued thereafter to cohabit with her as her husband for several years and until May 11, 1925, during all of which period ''he held out this defendant as his lawfully wedded wife''; that ''their relation as such was notorious and open''; and that ''they were recognized and accepted by all of their relatives and friends as being a lawfully wedded couple.''

It is well-settled law in this State that ''the marriage of a man and woman, where one of them has a husband or wife by a prior marriage, who is then living and undivorced, is void, and not merely voidable.''

(*Cartwright v. McGown,* 121 Ill. 388, 395; *Gordon v. Gordon,* 141 Ill. 160, 170; *Schmisseur v. Beatrie,* 147 Ill. 210, 214.) In the *Schmisseur* case it is decided in substance (p. 216) that, where a woman at the time of her second marriage has a husband living and undivorced and subsequently said husband obtains a divorce from her, said second marriage ''is not thereby legalized.''

As we understand defendant's contention here made, it is in substance that, notwithstanding her marriage with complainant was bigamous and void (*Duenser v. Supreme Council of Royal Arcanum,* 262 Ill. 475, 481; *People v. Spoor,* 235 Ill. 230, 232), the superior court under the facts disclosed was fully warranted in dismissing complainant's bill for want of equity and in refusing to enter a decree annulling said marriage, and because of the doctrines of *pari delicto* and ''unclean hands.'' We cannot agree with the contention and are of the opinion that, as the State is an interested party, the court should have entered a decree annulling said

marriage. Of course, the dismissal of defendant's cross-bill for a divorce, her marriage to complainant being void and of no effect, was proper.

In *Szlausis v. Szlausis,* 255 Ill. 314, it was decided that, where both parties to a proposed marriage know that the intended husband has not been divorced from his former wife for the period he is prohibited by statute from marrying again, the marriage is void and should be annulled, even though the parties are in *pari delicto;* but that, as to their property rights, the court will refuse to lend its aid to either of them. It is said (p. 319): "The rule of *par delictum* will not be applied, however, to prevent relief in a suit to annul and set aside a void marriage. That is a matter in which the State is an interested party. Under the facts as found by the court the marriage should be set aside as void, but the parties are entitled to no other or further relief." In *Arado v. Arado,* 281 Ill. 123, it was decided that, under the amended act of 1887, a marriage between cousins of the first degree is void and not merely voidable; that such a marriage, being prohibited by law and made a criminal offense, cannot become valid by ratification or estoppel; and that the public interest prevents the application of the rule that equity will not entertain the complaint of one who comes into court with unclean hands. The court said (p. 128): "The Court of Appeals of West Virginia decided in *Martin v. Martin,* 54 W. Va. 301, that if the parties could continue the marriage relationship without violating the criminal laws of the State the court might be justified in refusing to entertain the plaintiff's bill to annul his marriage, but where the law forbids the continuance of the relation it is the duty of both parties to have the marriage annulled." Our Supreme Court further said (p. 129): "The general rule that equity will not entertain the complaint of one who comes into the court with unclean hands does not apply, and if a party to an illegal marriage is so wanting in honor as to be willing

to publish his own criminal offense and disgrace and humiliate his children and one with whom he has lived in the marital relation, the public interest requires that he should not be prevented from doing so.'' (See also *Weinberg v. Weinberg,* 242 Ill. App. 414, 417; *Simmons v. Simmons,* 19 F. (2d) 690; also exhaustive annotation to said *Simmons* case in 54 A. L. R. p. 80 *et seq.*)

For the reasons indicated the decree of June 22, 1928, dismissing complainant's amended bill for want of equity, is reversed, and the cause is remanded with directions that the superior court enter a decree annulling said marriage between complainant and defendant, which occurred on December 21, 1916, as prayed for in said amended bill. That portion of said decree of June 22, 1928, wherein defendant's cross-bill for a divorce was dismissed, will, however, not be disturbed.

*Reversed and remanded with directions.*

SCANLAN and BARNES, JJ., concur.