DORIS O'DETTE BOMBARD
vs.
ROBERT L. BOMBARD

Superior Court    Hartford County    File #57438

MEMORANDUM FILED JUNE 14, 1938.

Rourke & Hanrahan, of Hartford, for the Plaintiff.

O'SULLIVAN, J.  Within a few months after her marriage to the defendant in 1930, the plaintiff learned that her husband was still married to another woman.  Nevertheless, she continued to live with him for several years as his wife.  In the meantime, wife number one obtained a decree of divorce.  The plaintiff seeks in the present action to have declared void her own marriage to the defendant.

The marriage of a man and woman, where either has by a prior marriage a spouse, who is then living and undivorced, is void and not merely voidable.  Swift's Digest, p. 19; *Hunt vs. Hunt*, 252 Ill. App. 490.  While there is some authority that, under conditions analogous to those involved herein, the plaintiff is estopped to seek an annulment of her marriage, the better reasoning of other precedents is to the contrary.  The rule of pari delicto and the equitable principle of unclean hands are not applicable, because the State is an interested party.  Obviously, there is no valid marriage between plaintiff and defendant.  It was void at its inception and the subsequent divorce granted to wife number one cannot put life into a status that never existed.

For a court to refuse, through the application of estoppel, to characterize what in fact the purported marriage was— especially where there is no issue—is inconsistent in that it permits to continue, at least in name and notoriety, a status which by statute the State condemns and penalizes.  The pros and the cons of the law are to be found in Schouler, Domestic Relations (6th ed.) §1133; *Hunt vs. Hunt*, 252 Ill. App. 490; *Tefft vs. Tefft*, 35 Ind. 44; *Simmons vs. Simmons,*— App. D.C.—, 19 F. (2d) 690; *Taylor vs. Taylor*, 173 N. Y. 266; *Stokes vs. Stokes*, 198 id. 301; *Turner vs. Turner*, 189 Mass. 373; Anno. 54 A.L.R. 80.

Accordingly, the purported marriage of the plaintiff to the defendant is declared void and is annulled.  Plaintiff's name is changed to Doris O'Dette.