EDWARD J. COOPER v. HELEN R. APRIL

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 15871

Memorandum filed December 30, 1946.

*Samuel C. Schlein* and *Joseph Bernblum,* both of New Haven, for the Plaintiff.

QUINLAN, J.  The plaintiff and defendant entered into a written so-called marriage contract, the plaintiff being in the service of the United States and outside the country.  It was stipulated that it should be governed by the law of Pennsylvania, the defendant being a resident of that state.  The plaintiff was informed by his superior that no further payments to the defendant would be acknowledged by the government, as the marriage was no longer recognized.

Pennsylvania recognizes common-law marriages and no ceremonial rite is required.  In 1943 a bill abolishing common-law marriages was passed in the house of the state legislature, but was not reported out of the senate.  In 1944 officials of the army ruled that marriage by mail was approved.  Subsequent to this ruling the attorney general of the state of Pennsylvania rendered an opinion declaring such marriages invalid.  U. of Kan. L. Rev., Dec. 1944-Feb. 1945, p. 55.  In *Fisher* v. *Sweet & McClain,* 154 Pa. Super. 216, attention was given to certain requisites of a marriage license, it having been previously held that, although the absence of a license might subject the parties to a penalty, it did not affect the validity of the marriage.  Looking upon the law of May 17, 1937, as a health measure, the court said (p. 226): "We have no thought of attacking the validity of common-law marriages.  That is a matter for the legislature to handle.  It is within our province, however, to

hold that a valid common-law marriage cannot hereafter be entered into in this Commonwealth without first complying with the Act of 1939 and securing a marriage license pursuant to its provisions."

This court has had this matter under advisement for a considerable time. Ample opportunity has thus been afforded for the defendant to intervene. She has not done so. The court has examined the article in 32 Harvard Law Review, 473 by Professor Lorenzen and written at the time of World War I. A very complete treatment of the subject of informal marriages in the University of Kansas City Law Review, supra, by W. H. Howery has also been studied. This article is cited fulsomely in the recent work of Keezer on Marriage and Divorce.

The decision in Pennsylvania has been the subject of critical analysis in 18 Temple University Law Journal 264, which contains this observation: "If a hard choice must be made, the opinion may be ventured that the public interest will be advanced by refusing a few intestate shares and branding some unfortunates as illegitimate rather than by continuing to labor under a system so prolific of fraud and perjury . . ."

The Dickinson Law Review Vol. 49, p. 94, approaches the question in an unsympathetic attitude.

However, the *Fisher* case, supra, so far as can be learned, has not been reversed (the Superior Court of Pennsylvania is an appellate court) and the invalidity of marriage like the instant case is supported by the opinion of the attorney general of Pennsylvania. The courts of this state take judicial notice of the statute laws and judicial decisions of other states. *Eva* v. *Gough,* 93 Conn. 38, 46.

A decree of annulment may enter.