VIRGINIA R. S. ANDERSON v. EDWARD W. ANDERSON

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 126524
AT BRIDGEPORT

Memorandum filed November 9, 1967

*Harold A. Bochino,* of Bridgeport, for the plaintiff.

*Edward A. Anderson,* the defendant, pro se.

GRILLO, J.   This action raises the question:   Is the plaintiff, a Connecticut resident, a "guilty" party to a bigamous marriage entered into in the state of New York, entitled to a decree declaring that marriage null and void?   Interwoven therein is the further question:   Did the death of the plaintiff's legal husband validate the second marriage, thus precluding the obtaining of a decree of annulment?

The plaintiff and the defendant were married on September 24, 1949, in Port Chester, New York. The plaintiff entered into this marriage completely cognizant of the fact that although separated, she was still lawfully married to one Arthur Storey.   In 1965, Storey died.   That marriage had never been dissolved.

It is undisputed that whether this marriage is void is to be determined by the law of the state of New York.   *Davis* v. *Davis,* 119 Conn. 194, 197–98; *Schibi* v. *Schibi,* 136 Conn. 196, 198.   The remedy and modes of procedure to obtain the decree, however, depend on the lex fori.   *Thomas Iron Co.* v. *Ensign-Bickford Co.,* 131 Conn. 665, 668.   Section 46-28 of the General Statutes provides the remedy.[1]

Jurisdiction of our courts to declare this marriage void, even though constructive service was made, is clear.   *Perlstein* v. *Perlstein,* 152 Conn. 152, 155.

---

[1] "Sec. 46-28.   VOID MARRIAGES; ANNULMENT.   ORDERS RELATIVE TO CHILDREN AND ALIMONY.   Whenever from any cause any marriage is void or voidable under the laws of this state or of the state in which such marriage was performed, the superior court may, upon complaint, pass a decree declaring such marriage void, and may thereupon make such order in relation to any child of such marriage and concerning alimony as it might make in a proceeding for a divorce between such parties if married.   The issue of any void or voidable marriage shall be deemed legitimate."

The defendant later appeared pro se, in any event. Section 46-28 makes no distinction between a "guilty" party or an "innocent" participant in a bigamous ceremony.[2] Thus the procedural doors of our courts are open to litigants of the plaintiff's class. *Mannaro* v. *Mannaro,* 9 Conn. Sup. 100.

By legislative declaration and judicial opinion, the state of New York has decreed a marriage such as the one the plaintiff and defendant entered into void.[3] "A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living and the prior marriage has not been dissolved legally. (Domestic Relations Law, § 6.) Section 1134 of the Civil Practice Act states 'An action to annul a marriage upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, may be maintained by either of the parties during the life-time of the other, or by the former husband or wife.' Neither equity nor estoppel may be considered in determining whether a marriage is void under this section, rendering a marriage absolutely void, if at the time thereof a spouse by a former marriage which has not been annulled or dissolved, is living. *(Frelingstad* v. *Frelingstad,* Dom. Rel. Ct., 134 N.Y.S.2d 63.)* Accordingly, the marriage between plaintiff and defendant is void and plaintiff is entitled to the declaration of nullity prayed for in his complaint." *Gonzalez* v. *Gonzalez,* 34 Misc. 2d 193, 194 (N.Y.).

---

[2] The remedy under the New York statutes is Domestic Relations Law § 140: "(a) Former husband or wife living. An action to declare the nullity of a void marriage upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, may be maintained by either of the parties during the life-time of the other, or by the former husband or wife."

[3] N.Y. Dom. Rel. Law § 6: "VOID MARRIAGES—. A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living. . . ."

The marriage of the parties being void at its inception, the death of the lawful husband could not put life into a status that legally never existed. *Bombard* v. *Bombard,* 6 Conn. Sup. 179. Still to be considered, nevertheless, is whether the reprehensible and criminal conduct of the plaintiff so offends our public policy that the relief sought will be denied.[4] *Catalano* v. *Catalano,* 148 Conn. 288, 291. Just as "[t]here is something offensive to common decency in the position of one who, having procured a divorce or having voluntarily appeared as a party to the proceedings and raised no objection to the disposition of the case, subsequently remarries . . . and thereafter attempts to have . . . [the divorce decree] declared void . . . , with the result of making himself a bigamist"; *Hooker* v. *Hooker,* 130 Conn. 41, 50; so in this case the plaintiff's request seems equally callous and bold. There is, however, authority for the proposition that such unconscionable conduct will not preclude the relief sought, the state of domicil of the plaintiff having an obligation to maintain its standards as regards lawful marriage. Ibid., and cases cited.

While the courts may consider equities in considering both divorce petitions and actions for legal separations; *Satter* v. *Satter,* 153 Conn. 230, 232; *Lee* v. *Lee,* 145 Conn. 355, 360; equitable doctrines of clean hands and estoppel are not applicable where the marriage is void. *Bombard* v. *Bombard,* supra; *Anderson* v. *Anderson,* 7 Cal. 2d 265; *Schwartz* v. *Schwartz,* 113 Ohio App. 275, 278; *Smith* v. *Smith,* 72 Ohio App. 203. "Where the marriage is only voidable, the plaintiff's misconduct or lack of 'clean hands' may be considered, but public policy favors

---

[4] N.Y. Pen. Law § 255.15: "BIGAMY—. A person is guilty of bigamy when he contracts or purports to contract a marriage with another person at a time when he has a living spouse, or the other person has a living spouse."

the declaration of nullity of a void marriage, and . . . a guilty party is entitled to secure the decree." *Anderson* v. *Anderson,* supra, 266.

Furthermore, to dismiss this action for an annulment would produce a bizarre and paradoxical result. In effect, it would forbid the termination of, and thus perpetuate the existence of, a relationship—at least in name and notoriety—even though that same relationship is prohibited and deemed criminal.[5] The law does not practice such ambivalence.

A decree of annulment may enter. Custody of the three minor children is awarded to the plaintiff. The defendant is ordered to pay $75 per week for the support of the three minor children.

---

[5] "Sec. 53-221. BIGAMY. Any person who marries another, if either is then lawfully married, or so marries in any other state or country in violation of the laws thereof and knowingly cohabits and lives with such other in this state as husband and wife, shall be imprisoned not more than five years. Any person violating the provisions of this section may be tried for such offense in the county where the marriage took place or in the county where they have so lived together as husband and wife."

The guilty party may also be civilly liable. *Gonzalez* v. *Gonzalez,* 34 Misc. 2d 193 (N.Y.).