*In re* ESTATE OF HAMP E. STEWART, JR., Deceased—(HAMP E. STEWART, SR., Petitioner-Appellee, *v.* ARZELLA JACKSON, Admr. of the Estate of Hamp E. Stewart, Jr., Deceased, Respondent-Appellant.)

(No. 53699; ▮▮▮▮▮▮▮▮▮▮)

First District—February 2, 1971.

J. Tobias Dixon, of Chicago, for appellant.

L. T. Beauchamp, of Chicago, (Terri H. Morris, of counsel,) for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Respondent, Arzella Jackson, appeals from an order amending the table of heirship in the Estate of Hamp E. Stewart, Jr.

Hamp E. Stewart, Jr. died in Germany on August 11, 1967, while a member of the United States Army. The only asset in his estate consisted of the proceeds of a $10,000 life insurance policy.

On September 13, 1967, Arzella Jackson, respondent and mother of the decedent, petitioned the court for letters of administration. She testified that Hamp E. Stewart, Sr., decedent's father and petitioner in this cause, was never married. On the same day the court issued letters of administration in the name of respondent as the duly appointed administrator of her son's estate.

On September 22, 1967, the court issued an "Order Declaring Heirship" wherein it provided that respondent was decedent's only heir-at-law and next of kin.

On August 27, 1968, petitioner filed his "Petition for Correction of Heirship" alleging in substance that he was lawful father of decedent

having married respondent on April 13, 1946, and praying for amendment of the order of September 22, 1967, to include his name as a lawful heir of decedent.

Section 17a of ch. 89, Ill. Rev. Stat. 1965 was in effect at all times pertinent hereto and provided:

"Whenever persons attempt or have attempted to contract and be joined in marriage, and some form of marriage ceremony recognized by law has been performed in apparent compliance with the law in relation to marriage, and, pursuant to such attempt to contract and be joined in marriage, cohabit or have cohabited together as husband and wife, and there is issue born after the taking effect of this Act as a result of such cohabitation, such issue is hereby made legitimate and may take the name of the father, though such attempted marriage is declared void or might be declared void, for any reason."

The following testimony was adduced at the hearing on that petition:

*HAMP E. STEWART, SR., petitioner, testified on his own behalf:*

He presently resides at 1501 East 69th Street, Chicago, Ill. He previously resided in Greenwood, Mississippi, where he married respondent in 1946. He had known her for two years prior to their marriage and she had used name of Arzella Pryor. He never knew a Lindsey Jackson in Greenwood. He and respondent subsequently moved to Memphis Tennessee, where decedent was born on February 23, 1947. They then moved to Chicago and he resided there with respondent and decedent until 1950 at which time they separated. He lived with respondent as husband and wife from 1946 until 1950. He never obtained a divorce from respondent.

In 1954 he married Annie Stevenson, but no children were born of this marriage. Decedent lived with him before being drafted into the Army.

*ARZELLA JACKSON, respondent, testified on her own behalf:*

Her maiden name was Arzella Pryor. She married Lindsey Jackson in Greenwood, Mississippi on January 8, 1944. She lived with Jackson in Greenwood until 1946. She never obtained a divorce from Jackson.

She married petitioner on April 13, 1946, in Greenwood. She married him under the name of Pryor, while her actual name at that time was Jackson. Decedent was born in Memphis, Tennessee, in 1947. Petitioner is the father of the decedent. She never lived with petitioner as husband and wife.

Decedent lived with her in Chicago at 7626 Cottage Grove Ave. before his death. She supported decedent during his lifetime. She is still married to Jackson.

After hearing the above testimony, the court ordered the heirship amended to include petitioner as an heir-at-law. Respondent appeals.

OPINION

Respondent initially contends that the trial court erred in applying Section 17a, *supra*, rather than the law of the State of Tennessee in making the determination of decedent's legitimacy.

We note that petitioner seemingly objects to the necessity of the application of either the Illinois or Tennessee legitimation statutes, since he maintains that the characterization of the marriage in question as void is a fabrication woven by respondent.

However, respondent testified that in 1944, two years before her marriage to petitioner, she had married Lindsey Jackson in Greenwood, Mississippi. To further substantiate this fact respondent placed into evidence a marriage license from County of Laflore, Mississippi which recited that Lindsey Jackson and Arzella Pryor celebrated the rites of marriage on January 8, 1944.

Respondent also testified that she never obtained a divorce from Jackson and that she is still married to him. Petitioner does not dispute this evidence.

It is also significant that respondent's attorney in addressing the trial court stated:

"So the fact we have here, I repeat is that a void marriage has been admitted by all sides  *  *  *."

In view of the foregoing we find that the marriage entered into by the parties was void. *Hunt v. Hunt* (1929), 252 Ill.App. 490.

As to the law of which state governs the status of decedent, respondent contends: (1) that the law of the domicile at birth governs, (2) that section 36—302 (Petition for Legitimation), Tennessee Code, vol. 6, chap. 3 (1956) requires legitimation to be effectuated through petition to the Tennessee courts which was not done, (3) that section 36—307 (Legitimation by marriage of parents) Tenneessee Code, vol. 6, chap. 3 (1956) as relied on by petitioner is inapplicable due to the fact that it was enacted subsequent to decedent's date of birth, and (4) that therefore, decedent should be deemed illegitimate.

Initially, we find that irrespective of which state's laws govern, section 36—37 (Legitimation by marriage of parents) from the Tennessee Code is clearly inapplicable to the facts of the present case. That statute only pertains to legitimation of natural children whose parents marry or attempt to marry after the child's birth. *Southern Ry. Co. v. Sanders* (1952), 193 Tenn. 409.

Respondent cites *McNamara v. McNamara* (1922), 303 Ill. 191 to support her contention that the Tennessee rather than the Illinois statute is applicable. However, in *Furhop v. Austin* (1943), 385 Ill. 149, the court pointed out that in *McNamara* the issue of legitimacy had already

been adjudicated by the California courts thereby settling the issue among the parties.

In *Furhop* the court stated at page 156:

"In *Stolz v. Doering*, 112 Ill. 234, quoting from Story on Conflict of Laws, we held, 'The descent and heirship of real estate are exclusively governed by the law of the country within which it is actually situated. No person can take except those who are recognized as legitimate heirs by the laws of that country.' See, also, *Kegan v. Geraghty*, 101 Ill. 26, and *Van Matre v. Sankey*, 148 Ill. 536."

Therefore, the law, as it pertains to realty, dictates that the legitimation statute of the situs jurisdiction governs. We find this rule similarly applicable to personalty in view of the fact that personalty is to be distributed according to the law of decedent's domicile at death. *In re Estate of Schultz* (1942) 316 Ill.App. 540, rev'd in other grds, *Schultz v. Chicago City Bank & Trust Co.* (1943), 384 Ill. 148; Ill. Rev. Stat. 1963, ch. 3 par. 11.

Respondent next contends that Section 17a, *supra*, was not intended to benefit the putative father, but rather the issue and therefore, it should not be construed to allow the putative father heirship rights.

Where the language of the statute is clear and unambiguous, there is no occasion for construction. (*Dept. of Public Works & Bldgs. v. Schon* (1969), 42 Ill.2d 537.) We find the language of Section 17a to be clear and unambiguous. The legislature stated, "such issue is hereby made legitimate." Since the term "legitimate" gives rise to many and varied legal ramifications other than the issue's right to take the name of the father, we find that the legislature clearly expressed its intention to effectuate the broad meaning of the term including the right to heirship.

■■ Therefore, we find that the trial court correctly applied Section 17a, Ill. Rev. Stat. 1965, ch. 89 to determine the matter of decedent's legitimacy for purposes of heirship.

Respondent next contends that decedent is illegitimate even under the Section 17a, *supra*, since it requires that the parties cohabit together as husband and wife and respondent denies such cohabitation.

■■ While respondent testified that the parties never cohabited as man and wife, the petitioner testified that they cohabited from the date of the marriage until 1950. Where the testimony is contradictory we will not substitute our judgment as to the credibility of the witnesses for that of the trial judge who saw and heard them. *Anderson v. Long Grove County Club Estates, Inc.* (1969), 111 Ill.App.2d 127.

Therefore, the judgment is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and McCORMICK, J., concur.