Lois L. Delaney *v.* James C. Delaney

| Superior Court | Judicial District of New London | File No. 049882 |
|---|---|---|

Memorandum filed April 10, 1979

*Brown, Jacobson, Jewett & Laudone,* for the plaintiff.

*Rakosky & Smith,* for the defendant.

*Carl R. Ajello,* attorney general, and *Joseph X. DuMond, Jr.,* assistant attorney general, for the state.

George E. Kinmonth, Jr., State Referee. The plaintiff seeks a dissolution of her marriage to the defendant. The plaintiff alleges that she and the

defendant entered into a common-law marriage in the state of Rhode Island and lived together in that state as man and wife from 1968 through 1975 when the defendant moved out. The plaintiff further alleges that she moved to Connecticut in June, 1976, and has continuously resided in Connecticut since that date. The plaintiff further alleges that one child was born of the marriage, namely, John Phillip Delaney, born August 3, 1969, and that the child is the lawful issue of the parties.

The court finds all of the above allegations proved by the plaintiff and further finds that while the parties lived together in Rhode Island the defendant held the plaintiff out as his wife by acknowledging the child as his, by bank loans, and by referring to the plaintiff as his "wife."

The defendant, by his answer to the complaint, admits all the allegations therein except those which allege a common-law marriage under the laws of the state of Connecticut. He neither admits nor denies those allegations but leaves the plaintiff to her proof.

The sole question is whether Connecticut will recognize a common-law marriage valid in the state where the marriage was entered into.

The parties agree that the state of Connecticut does not recognize common-law marriages, and they also agree that common-law marriages are recognized in the state of Rhode Island. *Sardonis* v. *Sardonis,* 106 R.I. 469; *Holgate* v. *United Electric Railways Co.,* 47 R.I. 337.

The validity of a marriage is governed by the theory of lex loci contractus. *Parker* v. *Parker,* 29 Conn. Sup. 41, 43. The only exception to the law that the validity of a marriage is governed by the law of the state in which it was contracted appears

to be in the case of a marriage which under the laws of this state is invalid as an incestuous marriage. *Catalano* v. *Catalano,* 148 Conn. 288. That case involved a marriage in Italy between an uncle and a niece. From this it would appear that only where a marriage valid in another jurisdiction is against the strong policy of this state so as to shock the conscience will it not be recognized in this state. See also *Cooper* v. *April,* 14 Conn. Sup. 494, in which the court refused to recognize a Pennsylvania common-law marriage on the ground that it was invalid because of a technicality.

Although there does not appear to be a Connecticut case specifically upholding the validity of a valid common-law marriage contracted in another state, the holdings of the cases cited above and the authorities quoted therein clearly indicate that a valid common-law marriage contracted in a state that recognizes such marriages would be upheld in this state.

The court finds that the plaintiff and the defendant entered into a valid common-law marriage in the state of Rhode Island. The plaintiff has resided in this state for more than one year before May 18, 1977, the date of the complaint herein. The plaintiff and the defendant have one minor child issue of the marriage, namely, John Phillip Delaney, born August 3, 1969. The marriage between the plaintiff and the defendant has broken down irretrievably. The best interest of the minor child is served by his being in the custody of his mother, the plaintiff, with reasonable rights of visitation in the defendant father.

Judgment may enter dissolving the marriage between the plaintiff and the defendant on the ground it has broken down irretrievably and awarding custody of the minor child to the plaintiff and

reasonable rights of visitation to the defendant and the paternal grandparents. Visitation of the defendant shall be arranged through the family relations division of the Superior Court.

The defendant is ordered to pay to the plaintiff $25 a week toward the support of the minor child and shall maintain CMS and Blue Cross or their equivalent for the benefit of the minor child. Under the circumstances of this case no alimony shall be awarded.