[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ingo von Ruckteschell, age 66 and the defendant, Margrit von Ruckteschell, age 61, whose maiden name was Margrit Schrepfer were married on June 27, 1979 in New York, New York. Prior thereto they were married in Haiti but due to questions concerning the legality of the plaintiff's divorce from his first wife, participated in a marriage ceremony in New York following his obtaining a divorce in Germany. CT Page 5024
There is one minor child James Chai von Ruckteschell, born June 28, 1976 who presently resides with the plaintiff. Both parties seek a dissolution of the marriage although the defendant on prior occasions sought to have this action dismissed on the grounds that she had obtained a valid Haitian divorce on August 10, 1990. There is no question but that the marriage has broken down irretrievably.
In August 1990, Mrs. von Ruckteschell went to Haiti for the purpose of obtaining a divorce. Mr. von Ruckteschell did not appear either in person or by attorney in those proceedings. In fact he did not learn of the purported divorce until long after it had been granted. At the time of the dissolution, the defendant was domiciled in New Milford, Connecticut, as was the plaintiff. Under these circumstances the Haitian court had no jurisdiction and therefore Mrs. von Ruckteschell's decree of August 10, 1990 is a nullity and will not be recognized by this court. "The full faith and credit claim of the constitution of the United States does not apply to a divorce obtained in a foreign country. Courts of the United States are not required by federal law to give full force and effect to a judgment granted in a foreign nation. . . . The rule that a domicile of at least one of the spouses is essential to give the court jurisdiction to grant a divorce applies to decrees of foreign nations as well as to decrees entered within the United States even though a domicile is not required by the laws of the jurisdiction which grants the decree." Litvaitis v. Litvaitis, 162 Conn. 540, 544, 545; Baker v. Baker, 166 Conn. 476, 487.
On August 21, 1990, Mrs. von Ruckteschell and Jochen Andrews Deman obtained a marriage license and were thereafter married. Although the defendant has apparently continued to use her name by this plaintiff, she has lived with Mr. Deman as husband and wife and he has expended substantial sums to support her. Since, however, the Haitian divorce obtained by Mrs. von Ruckteschell is void, her marriage to Mr. Deman is also void. "Where monogamy prevails, a subsequent marriage by a person whose existing marital bond has not been absolutely severed is plainly void." Parker v. Parker, 29 Conn. Sup. 41, 43.
On or about December 23, 1985, the plaintiff and defendant, Margrit von Ruckteschell purchased land located at 132 West Meetinghouse Road, New Milford, Connecticut, County of Litchfield, State of Connecticut, said warranty deed being recorded in volume 338, at page 628 of the New Milford Land Records, on January 6, 1986. On or about December 23, 1985 the plaintiff and the defendant Margrit von Ruckteschell purchased a one-half (1/2) interest in approximately 68.693 acres located in New Milford. Said deed being recorded in volume 338 at page 628 of CT Page 5025 the New Milford Land Records and recorded January 6, 1986.
On or about March 2, 1989, the plaintiff appointed the defendant as a general power of attorney. Said document being recorded in volume 405 at page 851 of the New Milford Land Records, and recorded on April 4, 1989. On or about March 31, 1989, the defendant used the aforementioned power of attorney, without the plaintiff's knowledge or consent, to transfer all of the parties' jointly owned Connecticut real estate to herself. Said quit-claim deed conveyance being recorded in volume 405, at page 853 of the New Milford Land Records, and recorded on April 4, 1989.
Subsequent to the Haitian divorce and purported marriage to Mr. Deman, the defendant, on or about September 7, 1990, transferred the aforementioned property into her name jointly with rights of survivorship to Jochen A. Deman. Said quit claim deed conveyance being recorded in volume 426 at page 942 of the New Milford Land Records and recorded on September 11, 1990.
The conveyances by the defendant, Margrit von Ruckteschell to Jochen A. Deman were made without consideration. The defendant Jochen A. Deman had actual or constructive knowledge of the defendant Margrit von Ruckteschell's intent to hinder, delay and defraud her creditors, namely the plaintiff herein. Mr. Deman is a defendant in this action regarding the fraudulent conveyances, but has not appeared. In view of his default, the conveyances to him on September 7, 1990 by Mrs. von Ruckteschell are declared null and void.
The power of attorney given by the plaintiff dated March 2, 1989 was, ". . . a written, formal contract of agency, creating a principal-agent relationship between her and the defendant. 1 Mechem, Agency 35; 3 Am.Jur.2d, Agency 23; Black, Law Dictionary (5th Ed.). "`(1) Agency is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. (2) The one for whom action is to be taken is the principal. (3) The one who is to act is the agent.' Restatement (Second), 1 Agency 1." McLaughlin v. Chicken Delight, Inc.,164 Conn. 317, 322, 321 A.2d 456 (1973); see Botticello v. Stefanovicz,177 Conn. 22, 25, 411 A.2d 16 (1979). Long v. Schull, 184 Conn. 252, 256. It is fundamental, as stated in 3 Am.Jur.2d, Agency:
 210. Agent as a fiduciary; duties of good faith, loyalty, and honesty. An agent is a fiduciary with respect to the matters within the scope of his agency. The very relationship implies that the principal has reposed some trust or confidence in the agent, and the agent or employee is bound to the exercise of the utmost good faith, loyalty, and CT Page 5026 honesty toward his principal or employer. The fiduciary relationship existing between an agent and his principal has been compared to that which arises upon the creation of a trust, and the rule requiring an agent to act with the utmost good faith and loyalty toward his principal or employer applies regardless of whether the agency is one coupled with an interest, or the compensation given the agent is small or nominal, or that it is a gratuitous agency.
The use of the power of attorney to transfer all the plaintiff's interest in his real estate was a violation of trust by the defendant. Accordingly, those transfers are found by clear and convincing evidence to be fraudulent and therefore declared null and void, having been performed without consideration. Tessitore v. Tessitore, 31 Conn. App. 40, 43.
Although claiming to be remarried, the defendant did not inform Mr. von Ruckteschell but rather requested and received $2,200.00 a month for September, October, November and December, 1990 for a total of $8,800.00. In addition he was forced to pay a credit card bill of $670.00 for car rental and jewelry charged by the defendant.
The plaintiff admits that at one time he had a drinking problem. However, he overcame this desire and since August, 1988 has not indulged in alcohol. The court finds that the overwhelming cause of the breakdown lies with the defendant. She misappropriated his property, fraudulently obtained a divorce, remarried and then received alimony and engaged in extramarital affairs. In evidence are letters from one Karl Heinz Kempen relating his relationship with Mrs. von Ruckteschell. Their affair is confirmed by entries in the defendant's diary. During the marriage, the defendant has been extravagant and refused attempts by the plaintiff to live within their means. Finally, the defendant has chosen a new companion who apparently has ample funds to support Mrs. von Ruckteschell in the style she seeks to live. The defendant is entitled to nothing from the plaintiff.
Based upon the evidence, the court finds that the marriage between the plaintiff and the defendant has broken down irretrievably and that the following orders shall issue:
1. Custody of the minor child, James von Ruckteschell is awarded to the plaintiff subject to the right of reasonable visitation to the defendant.
2. The plaintiff shall provide medical insurance as available through his employment for the benefit of the minor child. The plaintiff and defendant shall share equally all unreimbursed health related expenses, including, but not limited to medical, dental, psychiatric, psychological CT Page 5027 and orthodontia.
3. One dollar a year alimony is awarded to the plaintiff modifiable only to enforce any financial order entered herein and/or the potential claim of the State of Connecticut.
4. The fraudulent conveyance to the defendant pursuant to the plaintiff's power of attorney on March 31, 1989 is set aside as is the conveyance to Jochen A. Deman on September 7, 1990.
5. Pursuant to General Statute 46b-81, the defendant's entire interest in real estate located at 132 West Meetinghouse Road, New Milford, Connecticut and an adjoining 68.69 acres shown on Appendix A are transferred to the plaintiff who shall be responsible for all mortgages on said property.
6. Each party shall keep all bank accounts and stocks held in their own names.
7. The husband shall retain all right, title and interest to any pension or social security benefit he may have in the United States, in Germany, or with the United Nations.
8. The defendant shall pay to the plaintiff as reimbursement $9,470.00 for alimony and credit card use, within sixty (60) days.
9. Personal property as shown on Appendix B and all property in his possession shall be the sole property of the plaintiff and the balance shall be the property of the defendant. Any property not removed by the defendant within fifteen days shall be considered abandoned. The defendant shall remove the horses, cats and dogs from the West Meetinghouse Road property within fifteen days.
Judgment may enter accordingly.
PICKETT, J.
APPENDIX A
VOL 405 PAGE 854
SCHEDULE A
FIRST PIECE: CT Page 5028
All that certain piece or parcel of land situated on the Easterly side of the highway leading from New Milford to South Kent, in the Merryall District of the Town of New Milford, County of Litchfield and State of Connecticut, bounded and described as follows:
Beginning at the corner of a stonewall on the easterly side of the highway leading from New Milford to South Kent, which marks the southwesterly corner of land now or formerly of Gabriel Smyrski and the northwesterly corner of the herein described premises; thence easterly along the land of said Gabriel Smyrski as marked by said stonewall to a point marked by an iron pipe in said stonewall; thence southerly along other land now or formerly of Frances D'Alton 334 feet, more or less, to the easterly end of a stonewall; thence westerly along other land now or formerly of Frances D'Alton as marked by the said stonewall 414 feet, more or less, to the stonewall on the easterly side of said highway; thence running northerly along said stonewall on the easterly side of said highway 215 feet, more or less, to the point of beginning, containing 2 3/4 acres, more or less, and bounded northerly by land now or formerly of Gabriel Smyrski, easterly and southerly by land now or formerly of Frances D'Alton, and westerly by highway.
Together with the perpetual right to take water from a certain spring easterly from the above described premises, with the right to lay, maintain and repair said pipeline and to enter upon the premises of land now or formerly of Frances D'Alton for the purpose of laying, maintaining and repairing said pipeline.
Reference is hereby made to a certain map entitled, "Property Surveyed for Ingo von Ruckteschell West Meetinghouse Road New Milford, Connecticut Refer to Vol. 331, Page 1156 New Milford Land Records Scale 1"=100' December 24, 1985", which map is certified substantially correct by John M. Farnsworth, R.L.S., New Milford, Connecticut and which map is on file in the office of the Town Clerk of the Town of New Milford.
Being all of the premises conveyed to Ingo and Margrit Beckmann Von Ruckteschell by Quit-Claim Deed from Ingo Von Ruckteschell dated November 19, 1987 and recorded November 20, 1987 in Volume 382 at Page 256 of the New Milford Land Records.
SECOND PIECE: CT Page 5029
All that certain piece or parcel of land situated in the Town of New Milford, County of Litchfield, State of Connecticut, more particularly shown and described on a certain map entitled "Map Showing Property of Frances N. D'Alton, Aspetuck District, New Milford, Conn. Scale 1"=100', Oct. 1934, L. W. Marsh, Surveyor". Said premises are bounded in a clockwise direction as follows, all adjoining owners being now or formerly:
Northwesterly 1,396.97 feet by land of A. Smyrski; Easterly 354.2 feet by land of A. Smyrski; Southerly 569.79 feet by land of A. Smyrski; Easterly 940.01 feet by land of A. Smyrski; Northerly 149.18 feet by land of A. Smyrski; Easterly 503.49 feet by land of Rothe and 235.68 feet by land of Archibald; Southerly 1,370.96 feet by land of Paul Trenka; Westerly 897.49 feet by a highway known as West Meetinghouse Road; Northerly 1,108.14 feet by land of G. Smyrski; Westerly 860.93 feet by land of G. Smyrski; Southerly 44.08 feet by land of G. Smyrski; Westerly 796.43 feet by land of G. Smyrski; and Northwesterly 286.32 feet by land of G. Smyrski and 430.42 feet by land of A. Smyrski.
EXCEPTING THEREFROM premises shown on a certain map entitled "1.529 Acres, Estate of Frances N. D'Alton, West Meetinghouse Road, Town of New Milford, County of Litchfield, State of Connecticut, Scale 1"=100', October 1967", R.L.S. said premises are bounded:
Northerly 318.791 feet, Easterly 201.06 feet, and Southerly 284.819 feet by other land of Frances N. D'Alton, and Westerly 242.507 feet by West Meetinghouse Road.
Together with a dwelling house and garage thereon standing.
Being a portion of the premises conveyed to Dr. Ingo Von Ruckteschell and Margrit Von Ruckteschell by Warranty Deed from Clarence J. D'Alton, et al. dated December 23, 1985 and recorded January 2, 1986 in Volume 338 at Page 628 of the New Milford Land Records.
Received for Record April 4, 1989 at 3:31 p. m. and recorded by Anna E. Chapin, Town Clerk.
APPENDIX B
Two (2) Chinese stone lions CT Page 5030
Farmer's Oak cupboard (closet)
Indian Brass table
Rocking chair
Afghan carpet
Singha from Bali, Classic Oil Painting
Old red afghan (carpet)
Silver boxes from Cambodia
Old oak table
Indian chair with footbank
Copperbowl
Buddha on stand
Oak table
Two (2) leather chairs