(19 App. Div. 385.)

### ELSWORTH v. WOOLSEY et al.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

MORTGAGE FORECLOSURE—SALE—DISTRIBUTION OF SURPLUS.

Surplus moneys, arising upon a sale of real estate under foreclosure, were claimed by a second mortgagee of the premises, and also by the holder of a sheriff's deed thereof, based upon a sale under execution on a judgment entered before the making of the second mortgage. At the time of the sale on foreclosure, the time for the owner of the equity in the land to redeem from the sheriff's sale had not expired, and the time for the second mortgagee to redeem had not arrived. The amount bid by the purchaser at the execution sale was less than the amount of surplus moneys. *Held,* that as the rights of the parties became fixed at the time of the sale on foreclosure, and were then transferred to the surplus moneys, a redemption by the second mortgagee from the execution sale would have been a useless form. Accordingly, such second mortgagee, notwithstanding the execution by the sheriff of a deed which, if the land had not been sold on the foreclosure, would have related back to the date of the judgment, prior to the second mortgage, was entitled to the whole of the surplus moneys, after paying to the purchaser at the sheriff's sale the amount of his bid, with the interest, etc., which would have been payable to him on redemption by the second mortgagee.

Appeal from judgment on report of referee.

Action by Cyrus B. Elsworth against Edward J. Woolsey and others. From an order confirming report of a referee in surplus proceedings, George B. Lauck appeals. Affirmed.

This was a proceeding to ascertain liens upon surplus money realized upon the sale under foreclosure of a mortgage upon premises in the city of New York, which sale occurred on July 8, 1895, and a surplus was thereupon realized, amounting to $1,632.63, the title to which is the subject of the present controversy. There are two claimants to the fund, and the facts are not disputed. On June 14, 1894, one William H. Schecker recovered a judgment in the supreme court against Edward J. Woolsey, the then owner of the equity of redemption, for the sum of $3,726.08. Thereafter, and on the 8th day of February, 1895, by virtue of an execution issued to him upon the judgment, the sheriff sold all of the right, title, and interest of Woolsey for the sum of $500, and on February 18, 1895, delivered to Schecker a certificate of such sale. On the 11th day of March, 1895, Schecker brought suit against Woolsey to enforce his judgment by setting aside as fraudulent a deed to his wife of real estate on which the judgment was a lien; and this resulted in a decree on the 9th of September, 1895, whereby, among other things, the sum of $3,225 was paid on the judgment, which was assigned to Mrs. Woolsey, and on September 25, 1895, she satisfied the same of record. On October 1, 1895, the sheriff's certificate of sale was assigned by Schecker to the claimant, George B. Lauck. On the 13th day of May, 1896, the sheriff executed his deed to Lauck, and delivered it on May 14th; and on the 15th of May, 1896, Lauck filed a notice of his claim to the surplus moneys. On the 16th day of October, 1894, Edward J. Woolsey and wife executed a mortgage to George W. Cotterill in the sum of $4,250, on the property which was sold on the foreclosure of the first mortgage upon which the surplus arises in this proceeding. On the 3d day of October, 1895, Cotterill, in virtue of his second mortgage, filed his notice of claim to the surplus moneys. Shortly summarized, therefore, the material facts, in their sequence in order of time, are as follows: June 14, 1894, judgment of Schecker against Woolsey, for $3,726.08; October 29, 1894, Woolsey makes mortgage to Cotterill; February 8, 1895, premises sold by sheriff under execution on Schecker judgment; July 8, 1895, premises sold under foreclosure of mortgage executed and recorded prior to docketing of Schecker judgment and Cotterill mortgage, and surplus realized of $1,632.63; September 25, 1895, balance due on Schecker judgment satisfied of record; October 1, 1895, assignment by Schecker

to Lauck of certificate of sale; May 14, 1896, sheriff executes to Lauck, under Schecker judgment, deed of interest of Woolsey.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Wilfred N. O'Neill, for appellant.
George W. Cotterill, in pro. per.

O'BRIEN, J. On the day of sale under the first mortgage from which the surplus arose the time for redemption by Woolsey had not expired; nor had the time for the second mortgagee Cotterill to redeem arrived. The effect of the sale was to transfer the title to a stranger, and to suspend the rights and remedies of the second mortgagee and of the person holding the certificate of sale from the sheriff as against the property, and such could only be enforced, therefore, as against any surplus that might arise. On and after the sale, it would have been useless for the second mortgagee to proceed either to foreclose his mortgage, or to arrange, when the time should arrive, to redeem from the sheriff's sale, because the property had been placed beyond his reach, and his rights, upon that date, transferred to whatever surplus might arise upon the sale.

By the sixty-fourth court rule it is provided that, "on filing the report of the sale, any party to the suit, or any person who had a lien on the mortgaged premises at the time of the sale," may file his notice of claim to the surplus. This was deposited on August 26, 1895, and was thus placed in the custody of the court, because deposited to the credit of the action, and subject to the court's power to determine all claims to the fund. Inasmuch as the rule fixes the lien as of the time of the sale under the mortgage foreclosure, the amount of the lien is thus to be determined as of that time. From the dates it will be seen that the surplus was deposited with the chamberlain before the time for Woolsey to redeem from the sheriff's sale had expired, and prior to the time when the second mortgagee had the right to redeem. It is true that the Cotterill second mortgage was subsequent to the lien of the Schecker judgment; and if it were not for the foreclosure of the first mortgage, which effected a change in the title to the property, the subsequent deed by the sheriff would have related back, as provided by section 1440 of the Code of Civil Procedure, to the time when the judgment became a lien on the property, and would have taken precedence of the second mortgage. By section 1440 it is provided:

"But if the property is not redeemed, and a deed is executed in pursuance of the sale, the grantee in the deed is deemed to have been vested with the legal estate from the time of the sale."

As stated, however, at the date of the sale, the time of Woolsey, the then owner of the equity, to redeem from the sale on execution had not expired, nor had the time arrived when the second mortgagee could redeem, because, under the statute, the latter's right only accrues one year from date of sale, and continues from such date fifteen months. Code Civ. Proc. §§ 1449, 1450. When such time to redeem arrived, however, the property had passed from Woolsey, by

virtue of the sale under the first mortgage, and an attempt to take advantage of the right of redemption under the statute would have been a useless ceremony, because there was nothing for Cotterill to redeem.

It is suggested that, while the statutory method of redemption was gone, there could have been an equitable redemption by paying the amount of the bid. But as the holder of the sheriff's certificate had a claim to the surplus at the time it was deposited to the extent of what he had bid, and could have it paid out of such surplus, with interest, there is no good reason suggested why it was necessary, in order to prevent such holder from getting any greater rights as against Cotterill, that the latter should pay him the amount, and thus go through the form of what the appellant suggests would be an equitable redemption. While the surplus arising out of the foreclosure is regarded in some aspects as realty, it was not the exact equivalent of the property sold, in the sense that the parties were obliged to move,—either the holder of the sheriff's certificate to obtain the deed of the property, or the second mortgagee to tender the amount of the bid,—in pursuance of the law as to a statutory redemption, because at the date of the sale their rights were then fixed, and their remedies in other directions suspended, and they were relegated to an enforcement of their then lien for their respective claims against the surplus. It being both just and equitable that their rights should be thus fixed as of the date of sale, they should be adjusted accordingly.

Now, at the date of sale, the holder of the sheriff's certificate had a claim against such surplus to the amount that had been paid upon the sheriff's sale; and upon the payment of that amount, or permitting it to be taken from the surplus, the holder of such certificate receives just what he would have been entitled to from the owner of the equity of redemption or from the second mortgagee if the property had not been sold, and either had been at liberty to pursue the statutory method of redemption. Having thus obtained his just due, there is no reason why, to the disadvantage of the mortgagee, he should get more, or why the second mortgagee, in order to get the benefit of the same rule of having his rights fixed as of the date of sale, and in order to preserve them, should be obliged to go through the form of redeeming property which was no longer the subject of redemption. It is unnecessary to elaborate the reasoning to show that this is a just solution, and we might well rest our decision upon the rule which is taken from the cases, and well summarized in Jones, Mortg. § 1939:

"If, at the time of the sale under a trust deed, the property has been sold under a junior judgment, and the title has become absolute in the purchaser by the expiration of the time allowed for redemption, so that he has received a deed of the property, or is entitled to one, he is then entitled to receive the whole of any surplus there may be after discharging the debt secured by the trust deed and the expenses; but if the land has been sold under execution, and the time for redemption has not expired, and the purchaser is not entitled at the time of the sale under the trust deed to a deed conferring the title upon him, he then has only a lien upon the surplus, and is entitled to only so much of it as will satisfy the amount of his bid and the interest thereon allowed by statute. In the latter case the grantor in the trust deed is entitled to the remainder after satisfying the judgment lien, although his right to redeem has expired; but the purchaser's right has not become absolute by the expiration

of the time within which there can be a redemption from him by any one else, as where twelve months are allowed the debtor for redemption, and three months more for redemption by a creditor, and the sale under the trust deed takes place during these three months."

Our conclusion, therefore, is that the order appealed from should be affirmed, with costs and disbursements. All concur.