Anthony M. Livoti, J.
In this action tried before the court plaintiff Lorenzo Gonzalez seeks judgment declaring that the marriage entered into between plaintiff and defendant Eileen Donnellan Gonzalez, performed January 25, 1959, be declared null and void.
*194 Defendant in her counterclaim seeks a separation and further demands a money judgment for the humiliation, disgrace and mental anguish suffered by her.
Prior to the marriage into which the plaintiff and defendant entered, plaintiff was married to one Nora Reidy on April 26, 1948. Plaintiff entered into the marriage with this defendant without having the previous marriage dissolved legally. Testimony given at the trial makes it quite clear that the marriage entered into by plaintiff and Nora Reidy on April 26, 1948, was never legally dissolved and that Nora Reidy is still alive. There can be no question that the marriage entered into between plaintiff and defendant on January 25, 1959, was a bigamous marriage. The question before this court now is: “ Can the plaintiff, being the guilty party to a bigamous marriage, maintain an action to void his second marriage 1 ’ ’
A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living and the prior marriage has not been dissolved legally. (Domestic Relations Law, § 6.) Section 1134 of the Civil Practice Act states “ An action to annul a marriage upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, may be maintained by either of the parties during the life-time of the other, or by the former husband or wife.” Neither equity nor estoppel may be considered in determining whether a marriage is void under this section, rendering a marriage absolutely void, if at the time thereof a spouse by a former marriage which has not been annulled or dissolved, is living. (Frelingsted v. Frelingsted, 134 N. Y. S. 2d 63.) Accordingly, the marriage between plaintiff and defendant is void and plaintiff is entitled to the declaration of nullity prayed for in his complaint.
Defendant’s first affirmative defense and counterclaim, wherein she seeks a separation, must be dismissed as a matter of law. Where there is no marriage, it follows that the courts are without authority to grant a separation. However, with regard to defendant’s second affirmative defense and counterclaim, it is quite clear than an action in the nature of fraud in inducing one to marry another may be maintained. (Abrahams v. Abrahams, 246 N. Y. 611.)
In annulling the marriage between the parties because of plaintiff’s fraud and deceit, the decree will not wipe out the past effects upon her. In the opinion of the court, the injury was very real, and the party causing it should be made to pay the damages. The acts committed have the same legal result when inducing marriage as when inducing any other change in *195 position through fraud and fraudulent representation. The annullment decree, while relieving the defendant for the future, cannot make up for past suffering and affliction. (Amsterdam v. Amsterdam, 56 N. Y. S. 2d 19.)
In light of all the testimony at this trial with reference to defendant’s expenditures for furniture and other expenses necessitated by the fraudulent marriage between the parties; the fact that she had to change her place of employment, thereby having to accept a reduction in salary, must also be taken into consideration along with the fact that she has suffered humiliation, disgrace and mental anguish. These are elements which the court considered in arriving at an amount. Considering all these facts, the damages of the defendant are set at $3,000.