MATTER OF HALL

In Visa Petition Proceedings

A-11594745

*Decided by Board March 3, 1966*

Since under the law of New York, section 6, Domestic Relations Law, and the judicial decisions relating thereto, "a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living" and it is void from its inception without any decree of the court and for all purposes, there is no necessity of the presentation in visa petition proceedings of evidence of the termination of beneficiary's second marriage, contracted in 1956 while his wife by a prior undissolved marriage (1941) was still living; and as his first marriage was terminated by the death of his first wife in 1963, his third marriage in New York State in 1965 to petitioner, a United States citizen, is valid for immigration purposes and will sustain petition of the latter to accord him immediate relative status.

The case comes forward on appeal from the order of the District Director, New York District, dated November 18, 1965 denying the visa petition for the following reasons: it has been established that the beneficiary married Mae Agnes Lawrence July 26, 1941, Hazel D. White December 29, 1956 and the petitioner, Thelma Devins, February 7, 1965; the first marriage was terminated by the death of the first wife in January 1963; however, there is no evidence that the marriage to the second wife was in any way terminated; in view of this, the marriage to the beneficiary is not recognized for immigration purposes; the beneficiary is not entitled to any benefit under the Immigration and Nationality Act.

The petitioner, a native-born citizen of the United States, 31 years old, female, filed a visa petition on February 25, 1965 seeking nonquota status as a spouse on behalf of the beneficiary, a native and citizen of Jamaica, West Indies, 55 years old, male. The parties were married on February 7, 1965 at Corona, New York. The visa petition indicates that this marriage is the first for the petitioner. The beneficiary stated to have been married once previously and the death certificate of his first wife on January 28, 1963 has been submitted.

The file contains a decision of a special inquiry officer entered November 9, 1964 relating to deportation proceedings against the alien. The respondent (beneficiary) was admitted to the United States on May 8, 1959 as a nonquota immigrant based upon his marriage on December 29, 1956 in Jamaica, West Indies to Hazel Daphne White, a United States citizen. However, at the time of that marriage the respondent's prior marriage to Mae Agnes Lawrence in Jamaica, West Indies on July 26, 1941 had not been legally terminated either when he married the second wife or when he obtained a nonquota visa as the spouse of the second wife. Accordingly, the respondent was found deportable under section 241 (a) (1) on the ground that he was excludable at the time of entry for the reason that he was not nonquota as specified in his immigrant visa.

In his decision the special inquiry officer observed that the marriage to the second wife was not a lawful marriage because he then had a spouse living and he did not disclose his prior marriage to the American Consul because he felt he would not be able to obtain a visa with which to enter the United States at that time. The special inquiry officer noted that after respondent came to the United States in 1959 he learned his first wife was alive, and after separating from his second wife in November 1960, he commenced again living with his first wife. She filed a visa petition on his behalf to accord him nonquota status which was approved June 6, 1962 but the attorney to whom the notice was sent was advised not only of the fact that the petition was approved but that no notice to a United States Consulate or port of entry was required, in spite of the indication on the visa petition that application for a visa would be made at the American Consulate at Montreal, Canada. The respondent testified in this connection that he was told by employees of the Immigration and Naturalization Service that it would not be necessary for him to depart from the United States even though he was willing and ready to do so at that time. As an appropriate disposition of the case, the first wife having died, the respondent was granted voluntary departure together with the automatic order of deportation if departure was not effected as required.

Counsel has filed a brief in which he takes issue with the holding that evidence of the termination of the marriage to the second wife is required, citing section 6 of the New York Domestic Relations Law which provides: "A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living." Counsel cites New York decisional law which holds that if a spouse at the time of a marriage had another prior spouse living the mar-

riage is void, even though no judgment declaring its nullity is entered as well as other decisions holding that a marriage is absolutely void if contracted by a person whose husband or wife by a former undissolved marriage is living; that where a party to a ceremonial marriage has an undivorced living spouse, the relationship is illegal; and a marriage by one who has a living spouse is void as distinguished from voidable; where a marriage is void, although the legislature has authorized the court in the interest of the public to enter a decree declaring it to be such, it is void from its inception without any decree of the court for all purposes.[1]

We have checked the question involved here and in view of the provisions of New York Domestic Relations Law, section 6 and the judicial decisions relating thereto, we are convinced that the position of counsel for the petitioner is correct. We note that the special inquiry officer in deportation proceedings against this same beneficiary came to the same conclusion. The appeal will be sustained.

ORDER: It is ordered that the appeal be sustained and the visa petition approved.

---

[1] *Gonzales* v. *Gonzales*, 228 N.Y.S. 2d 4; *Hoke* v. *Hoke*, 142 N.Y.S. 2d 906; *Wehner* v. *Wehner*, 66 N.Y.S. 2d 703, which cites New York Domestic Relations Law, section 6; *Stein* v. *Dunne*, 103 N.Y.S. 894, aff'd 190 N.Y. 524, 83 N.E. 1132, *McCullen* v. *McCullen*, 147 N.Y.S. 1069; *Kaufman* v. *Kaufman*, 163 N.Y.S. 566; *Cave* v. *Cave*, 137 N.Y.S. 2d 857; *In re Haffner's Estate*, 172 N.E. 483; *Johnson* v. *Johnson*, 59 N.Y.S. 2d 698, appeal denied 66 N.E. 2d 849, aff'd 68 N.E. 2d 499.