Louis B. Heller, J.
Plaintiff husband in this action for annulment, in which defendant wife counterclaims for a judicial separation on the ground of cruel and inhuman treatment, moves pursuant to section 211 of the Domestic Relations Law to strike the defendant’s counterclaim and for other related relief. By separate motion, the defendant wife moves pursuant to section 237 of the Domestic Relations Law for an award of counsel fees to defend the action and for alimony pendente lite.
The parties were married on November 5, 1965 in Jersey City, New Jersey, and have no issue. Further, the papers disclose that plaintiff’s action is allegedly grounded on fraud in that the defendant induced the marriage ‘ ‘ by concealing her intention not to cohabit with him or to be a wife to him but only to procure support.”
Plaintiff bottoms his motion on the contention that his wife’s counterclaim for separation is violative of the new section 211 of the Domestic Relations Law and that the alleged defense of cruelty is no defense to his action for annulment since it is based on fraud. The court finds plaintiff’s posture has no merit. The subject new Domestic Relations Law reads as follows:
“ § 211. Pleadings and proof. An action for divorce or separation shall be commenced by the service of a summons. A verified complaint in such action may not be served until the expiration of one hundred twenty days from the date of service of the summons or the expiration of conciliation proceedings under article eleven-B of this chapter, whichever period is less. In an action for divorce or separation, a final judgment shall not be entered by default for want of appearance or pleading, or by consent, or upon trial of an issue, without satisfactory proof of the grounds for divorce or separation. Where a complaint or counterclaim in an action for divorce or separation charges adultery, the answer or reply thereto may be made without verifying it, except that an answer containing a counterclaim must be verified as to that counterclaim. All other pleadings in an action for divorce or separation shall be verified. (L. 1966, eh. 254, § 7, eff. Sept. 1,1967; emphasis supplied.)
*271 It is readily seen that this new statute specifically refers and relates only to actions for ‘ ‘ divorce ’ ’ and 11 separation ’ ’. It is devoid of any reference to actions for annulment.
The plaintiff mistakenly claims that the defendant should not be permitted to plead to or answer his complaint as provided for by section 211, and further contends that other than serving a notice of appearance she should be precluded and foreclosed from interposing any pleading favorable to her. Such claim the court finds to be untenable, for, by instituting his action for annulment, the defendant was not limited only to serving a notice of appearance but the door was widely opened for the defendant to interpose such an answer which she found to be most favorable to her, thus her answer containing a counterclaim for separation, is proper. The specific and clear language of the new section contains no prohibition as to pleading a counterclaim as was done here. Further, CPLR 3011 provides that an answer may include a counterclaim against a plaintiff. Also, under CPLR 3019 (subd. [a]), a counterclaim may be any cause of action in favor of a defendant against a plaintiff. Whether defendant can support her alleged claims must be determined upon a trial.
On the issue of counterclaims in matrimonial actions see Foster and Freed, Law and the Family (§ 17:33, p. 615) wherein is stated inter alia “ in an action for an annulment, the defendant may counterclaim * * * for a separation.” It has been held to be proper that in an action for an annulment, the defendant may interpose a counterclaim for a separation (Levine v. Levine, 273 App. Div. 976 [2d Dept.], mot. for lv. to app. den. 297 N. Y. 1037). It is noted that the plaintiff’s action for annulment will no doubt be tried first, since the marital status must be initially determined. However, upon an unfavorable determination of such action, the court shall then proceed to try defendant’s action for separation in accordance with her counterclaim. In the event, however, that plaintiff is successful, then the defendant’s posture becomes academic herein.
In the court’s view, this case presents a classic situation for the application of the liberal and expanding practice in claims between litigants to avoid multiplicity and circuity of actions. The court follows and supports this progressive trend to assure litigants that all issues will be tried expeditiously, for justice brooks no delay. Accordingly, plaintiff’s motion is in all respects denied.
As to the defendant wife’s motion, the exhibits annexed to the submitted papers undisputably show that she has been *272 receiving $40 each week from March 6,1967 and plaintiff informs the court that he still continues and will regularly continue such payments to the defendant “ until this action is terminated, as I have been making them prior to its institution. ’ ’ Therefore, on condition that plaintiff will continue to provide weekly support in the sum of $40 to his wife as he voluntarily is presently doing, the defendant’s motion for temporary alimony is denied, with leave however to renew her application upon a showing that plaintiff has failed to continue such weekly payments (Dominick v. Dominick, 23 A D 2d 645; Freid v. Freid, 23 A D 2d 549).
As to defendant wife’s request for counsel fees, it appearing that plaintiff concedes that a counsel fee is proper herein, the motion is granted. The defendant is allowed a counsel fee in the sum of $700 with leave to apply to the trial court for an additional allowance. One half of the counsel fee is to be paid within 15 days after service of a copy of the order to be entered hereon with notice of entry and the balance shall be paid when this case first appears on the Ready Day Calendar. In addition, plaintiff is directed to expeditiously notice this action for trial.