Stanley Gartenstein, J.
The within proceeding comes before the court on a petition under article 4 of the Family Court Act. Petitioner seeks an order directing respondent to support her and three children of her former marriage, aged 14, 11 and 8 respectively. Respondent was aware of these three children at the time he married petitioner.
The liability of a stepfather for support of stepchildren is framed under section 445 of the Family Court Act. It is manifest, inasmuch as the liability for support of stepchildren is a collateral one, being as it were, an offshoot of the marriage itself, that once the marriage ends or is declared nonexistent, the collateral liability to support stepchildren also ends.
Respondent moves to dismiss claiming that his marriage to petitioner was void as a bigamous marriage. The facts are established by documentary evidence. The parties were married on April 3,1970 in the County of Kings, State of New York. At the time in issue, the documents establish that he was already married to one Patricia Anastasia M.* and that the marriage was dissolved on September 7,1971 by the Superior Court of the District of Columbia, Family Division (Index No. 9999/70), a date subsequent to his marriage to petitioner.
Clearly, respondent’s marriage to petitioner came at a time when he was already married and had no capacity to enter the marriage contract.
Although the Family Court is a court of limited jurisdiction which has no jurisdiction over the marital res, it nevertheless has power to adjudicate for its own purposes, and strictly for the proceedings before it, the nullity of a marriage coming before it. (Loomis v. Loomis, 288 N. Y. 222.)
It has specifically been held in Berry v. Berry (130 App. Div. 53), that a bigamous spouse cannot be a party plaintiff in an action to annul the marriage because he would thus be a person *655 seeking to profit in a court of equity from his own wrongful (criminal) act. The natural corollary to this prohibition is that the criminal act cannot be interposed as a defense in any proceeding.
Despite the fact that Berry v. Berry (supra) has been distinguished and confined to its narrow facts, it is still valid law today. On the other hand, there is a differing line of authority represented by Gonzales v. Gonzalez (34 Misc 2d 193) which holds to the contrary. Although the Family Court has had this problem in Anonymous v. Anonymous (174 Misc. 496), and has decided along the lines of Gonzalez, that decision appears to have been made without reference to the Berry doctrine.
The court will make no attempt to reconcile those two lines of authority but will base its determination on other principles.
It is basic that courts acting in the realm of marriages and the effects thereof are courts of equity. For this reason, a court may refuse to grant relief to one of the litigants inasmuch as it not only adjudicates as an abstract matter, as it does at law, the substantive merits of a controversy before it, but acts in the realm of relieving persons from hardships which the law itself cannot cure, as an offshoot, figuratively speaking, of the conscience of the king. Thus, while the marriage in Berry was void, the court declined to act on behalf of a party who appeared before it with a lack of clean hands. The restraint to act was self-imposed. Shall this court restrain itself?
A collation of authority in this realm appears in Presbrey v. Presbrey (6 A D 2d 477) which discusses the Berry doctrine as well as the later case of Brown v. Brown (153 App. Div. 645) which limited Berry to its specific facts without abrogating it. Finally, the Court of Appeals recognized the specific doctrine that the restraint of a court to entertain jurisdiction was in fact self imposed and discretionary. (See Stokes v. Stokes, 198 N. Y. 301, in which the court while recognizing that self-restraint is discretionary, also held the discretion reviewable on appeal and reversible if wrongfully exercised.)
What clearly emerges is the principle that discretion to exercise self-restraint in entertaining jurisdiction in fact exists and is based on principles of equity.
In the present instance, the court holds that to estop this respondent from claiming the nullity of his marriage to petitioner would be grossly inequitable and would create oppressive hardship. A man who incurs derivative liability for support of three stepchildren in exchange for a few brief days of cohabitation should not be held estopped to interpose the nullity of the *656 marriage as a defense where support of three children not his own is at issue.
The court is also mindful that section 445 of the Family Court Act is in derogation of the common law and is to be strictly construed.
This decision makes no attempt to reconcile or distinguish the two lines of authority represented by Berry and Gonzalez and is strictly on the instant facts and on the equities they present. Petition dismissed on the merits.

 Names are fictitious for the purpose of publication.