OPINION OF THE COURT
Joan B. Lefkowitz, J.
*636 BACKGROUND
Plaintiff commenced an action for divorce by filing and service of a summons with notice. By order (Scarpino, J.) dated June 4, 1998, the attorneys were directed to file retainer statements with the court by July 1, 1998, the preliminary conference date. Counsel thereafter appeared for a preliminary conference which resulted in a court order dated August 7, 1998 (Scarpino, J.). That order directed plaintiff to serve and file a net worth statement and retainer by August 20, 1998 and a copy of plaintiffs driver’s license by August 21, 1998.
Subsequent to the preliminary conference, plaintiff, with the permission of the court (Scarpino, J.), served and filed an amended summons and verified complaint, dated July 10, 1998, for annulment. Defendant served an answer with counterclaims for divorce on July 24, 1998. No reply to the counterclaims has been served.
Custody of the parties’ daughter and support issues are pending in the Family Court, Westchester County.
Plaintiff moved to dismiss the counterclaims by motion dated and served on August 15, 1998, returnable September 2, 1998. Defendant cross-moved for contempt and sanctions. Plaintiffs counsel has appealed from the August 7, 1998 order on the grounds of violation of plaintiffs statutory and constitutional rights. Plaintiffs counsel and the court (Scarpino, J.) engaged in correspondence, with plaintiffs counsel threatening to sue Justice Scarpino and others.
On September 16, 1998, the court (Scarpino, J.) on the record, in the absence of plaintiffs counsel who left the courthouse after being told to stay, dismissed plaintiffs complaint (citing 22 NYCRR 202.27) for his failure to attend a court-directed conference for the second time. (See, Bassuk v White, 200 AD2d 550 [2d Dept 1994].) The court reserved decision on the pending motions and on defense counsel’s oral application for default judgment. Thereafter, on October 7, 1998, Justice Scarpino recused himself as he had referred plaintiffs counsel’s actions to the First Department Disciplinary Committee. Subsequently, the matter and pending motions were referred to me.
COUNTERCLAIMS
Plaintiff contends that a counterclaim for divorce may not be asserted in an action for annulment. The two cases primarily relied upon (Taylor v Taylor, 25 Misc 566 [Sup Ct, NY Special *637 Term 1898], affd 63 App Div 231 [1st Dept 1901], affd 173 NY 266 [1903]; Gonzalez v Gonzalez, 34 Misc 2d 193 [Sup Ct, Queens County 1962]) are inapposite. In Taylor, the court at nisi prius held that in an action for separation, a counterclaim for annulment would not lie. The court construed section 1770 of the Code of Civil Procedure as barring such a counterclaim since a literal reading of the section permitted counterclaims for only divorce or separation and only in actions for divorce or separation. The court awarded judgment to plaintiff for a separation. Interestingly, on appeal the judgment was sustained but both the Appellate Division and Court of Appeals observed that it was unnecessary to determine if the counterclaim was properly asserted. (Also see, Pomeroy, Code Remedies § 642 [5th ed].)
Gonzalez (supra) holds that where the court grants plaintiff judgment for annulment, the counterclaim for separation must be dismissed. Thus, it is not particularly instructive to these facts. Of course, as a matter of pleading, a defendant may assert a counterclaim for separation in an action for annulment. (Botti v Botti, 55 Misc 2d 269 [Sup Ct, Kings County 1967]; see, Levine v Levine, 273 App Div 976 [2d Dept 1948], lv denied 297 NY 1037 [1948] (judgment granted to defendant on counterclaim for annulment in action for separation]; 1 Foster, Freed and Brandes, Law and the Family New York § 18:23 [2d ed].)
Section 1770 of the Code of Civil Procedure was carried forward in section 1168 of the Civil Practice Act. In 1937, that section was amended to permit a counterclaim for divorce, separation or annulment in like actions (L 1937, ch 525). However, the section was rigidly applied to bar other counterclaims in nonmatrimonial actions between spouses. Therefore, the Judicial Council recommended that the section be repealed so that matrimonial counterclaims be on par with all other types of counterclaims in matrimonial or nonmatrimonial actions. (1948 Report of Jud Council, at 223-227; Mem of Judicial Council, 1948 NY Legis Ann, at 1.) It was done (L 1948, ch 282). Thereafter, a counterclaim for annulment was held to be properly interposed in a nonmatrimonial action for partition. (Cecil v Cecil, 198 Misc 653 [Sup Ct, Bronx County 1950].)
CPLR 3019 (a) provides: “A counterclaim may be any cause of action in favor of one or more defendants or a person whom a defendant represents against one or more plaintiffs, a person whom a plaintiff represents or a plaintiff and other persons alleged to be liable.” (Emphasis added.) Consequently, any claim *638 can be asserted as a counterclaim even in a matrimonial action. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:l, at 205; 5 Weinstein-Korn-Miller, NY Civ Prac 3019.02, 3019.03.) The only proviso as to counterclaims in matrimonial actions is that in an action for divorce or separation where the counterclaims allege adultery, the answer must be verified. (Domestic Relations Law § 211.) The treatise writers agree that a “counterclaim for divorce, separation, or annulment may be interposed in any civil action brought between a husband and wife.” (18A Carmody-Wait 2d, NY Prac § 114:165, at 254; 1 Foster and Freed, Law and the Family New York § 17:32 [rev ed]; 48 NY Jur 2d, Domestic Relations, §§ 2156, 2336; 2 Lansner and Reichler, New York Civil Practice: Matrimonial Actions § 34.03 [2], at 34-24.)
While the propriety issue was not raised in other cases, counterclaims for divorce in actions for annulment have been interposed. (Brazil v Brazil, 235 AD2d 611 [3d Dept 1997]; Bruno v Bruno, 45 AD2d 707 [2d Dept 1974] [in action for divorce or annulment a counterclaim for divorce or separation was asserted]; see, Romeo v Romeo, 225 AD2d 753 [2d Dept 1996] [in a prior action for annulment, defendant was granted a judgment of separation on a counterclaim].) Upon the implicit authorities of the cited cases, treatise commentary and literal language of the statute, CPLR 3019 (a), the court holds that a counterclaim for divorce may be interposed in an action for annulment.
DEFAULT
The court has disregarded the fact that plaintiff cited the wrong rule (CPLR 3212 [a] [6]) in the notice of motion as no prejudice has occurred. (CPLR 2001; Montgomery v Colorado, 179 AD2d 401 [1st Dept 1992]; Farkas v Tarrytown Lbr., 133 AD2d 251 [2d Dept 1987].) The correct section for the motion is CPLR 3211 (a) (6), to dismiss a counterclaim as not having been properly interposed. Once a motion is made pursuant to that rule, subdivision (f) of CPLR 3211 extends the time to reply to the cause of action until 10 days after service of entry of the order hereon, if plaintiff is not otherwise in default. The fact that the main action has been dismissed, either on the merits or voluntarily, does not prevent an adjudication on the counterclaim. (Ballen v Aero Mayflower Tr. Co., 144 AD2d 407 [2d Dept 1988]; CPLR 3018 [a]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:20, at 221; Nelson on Divorce and Annulment § 27.05 [2d ed]; *639 5 Weinstein-Korn-Miller, NY Civ Prac fí 3019.32.) Failure to timely respond to a counterclaim could result in a default judgment. (P & L Group v Garfinkel, 150 AD2d 663 [2d Dept 1989]; CPLR 3011; 84 NY Jur 2d, Pleading, § 204; 5 Weinstein-KornMiller, op. cit. U 3011.02; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3011:9, at 630.)
Nevertheless, the defendant’s oral application for default judgment must be denied.* The answer was served by mail on July 24, 1998. The counterclaims are not separate process where they are asserted against the plaintiff, over whom the court already has jurisdiction. (CPLR 3019 [d].) Plaintiff had 20 days after service of the counterclaims to serve his reply. (CPLR 3012 [a].) However, pursuant to CPLR 2103 (b) (2) where, as here, the nonprocess interlocutory papers are mailed to counsel, an additional five days is added to the time to reply. (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2103:3, at 736-739; 84 NY Jur 2d, Pleading, § 89.) Accordingly, when the motion was made on August 15, 1998, the time to serve a reply had not yet expired (i.e., plaintiff had until Aug. 18, 1998 to reply) and the time is extended until 10 days after service of the order hereon with notice of entry. (CPLR 3211 [f|.)
CONTEMPT
The August 7, 1998 preliminary conference order superceded the prior order. Consequently, any violation of the discovery and filing provisions of the prior order are moot. Furthermore, by service of the original motion to dismiss the counterclaims, prior to expiration of the discovery and filing requirements of the August 7, 1998 order, those provisions were stayed. (CPLR 3214 [b].) Therefore, there is no violation of the August 7, 1998 order and no basis for contempt. The cross motion for contempt is denied.

 If there was sufficient basis to grant the oral motion, the court would have accorded plaintiffs attorney a last opportunity to be heard, notwithstanding his failure to attend the on-the-record proceedings before Justice Scarpino. (Kaiser v J & S Realty, 173 AD2d 920 [3d Dept 1991].)