■ FRANKLIN CREDIT MANAGEMENT CORPORATION, Plaintiff, v JACK PEARLMAN et al., Defendants, FLEET BANK, Formerly Known as NORSTAR BANK, Appellant, and HSBC BANK, Formerly Known as MARINE MIDLAND BANK, N.A., et al., Respondents. [792 NYS2d 525]—

In an action to foreclose a mortgage, the defendant Fleet Bank, formerly known as Norstar Bank, appeals from (1) an order of the Supreme Court, Suffolk County (Molia, J.), entered January 30, 2003, which, inter alia, denied its motion, among other things, to reject the referee's report dated October 16, 2002, inter alia, finding that it failed to timely file a notice of claim and granted the cross motion of the defendant L.P.P. Mortgage Limited, among other things, to confirm the referee's report, and (2) an order of the same court entered August 20,

2003, which granted that branch of the cross motion of the defendant L.P.P. Mortgage Limited which was to direct the Treasurer of the County of Suffolk to disburse the surplus moneys in accordance with the referee's report.

Ordered that the order entered January 30, 2003, is modified, on the law, by deleting the provisions thereof denying that branch of the motion of the defendant Fleet Bank, formerly known as Norstar Bank, which was to reject that portion of the referee's report which determined that it was not entitled to receive any surplus moneys and granting that branch of the cross motion of the defendant L.P.P. Mortgage Limited which was to confirm that portion of the referee's report and substituting therefor provisions granting that branch of the motion of the defendant Fleet Bank, formerly known as Norstar Bank and denying that branch of the cross motion of the defendant L.P.P. Mortgage Limited; as so modified, the order entered January 30, 2003, is affirmed; and it is further,

Ordered that the order entered August 20, 2003 is modified, on the law, by (1) adding to the decretal paragraph thereof following subparagraph "(3)" the words "(4) to Fleet Bank, f/k/a Norstar Bank c/o Peter Seideman, Esq., 143 Main Street, Huntington, New York 11743 the sum of $826,911.56 with statutory interest from April 6, 1994"; as so modified, the order entered August 20, 2003, is affirmed, and it is further,

Ordered that one bill of costs is awarded to the appellant payable by the respondent HSBC Bank, formerly known as Marine Midland Bank, N.A.

The Supreme Court incorrectly determined that the defendant Fleet Bank, formerly known as Norstar Bank (hereinafter Fleet), relinquished its claim to the surplus moneys resulting from a foreclosure sale because it failed to file a timely notice of claim. This Court has held that a party to a foreclosure action, is "not required to file a notice of claim to the surplus moneys in order to preserve its right to satisfaction of its lien from the surplus proceeds of the foreclosure sale" (*Federal Home Loan Mtge. Corp. v Grant*, 224 AD2d 656, 657 [1996]; *see* RPAPL 1361 [1]). As Fleet was a named party to the instant foreclosure action, it was not required to file a notice of claim.

Moreover, Fleet established its claim to the surplus moneys up to the sum of $826,911.56 through sufficient documentary evidence by presenting a certified copy of a judgment docketed in Suffolk County, the county where the subject property is located (*see* CPLR 5203 [a]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. H. Miller, J.P., Cozier, Ritter and Skelos, JJ., concur.