■ Suwei Chuang, Appellant, v Ya Chen Hsieh, Respondent. [939 NYS2d 536]—

The parties were married in January 2004. In February 2005 the defendant moved out of the marital home. In April 2006 the plaintiff commenced this action seeking an annulment of the marriage on the ground of fraud (see Domestic Relations Law § 140 [e]). The defendant asserted a counterclaim for a divorce on the ground of cruel and inhuman treatment (see Domestic Relations Law § 170 [1]). Subsequently, the plaintiff moved to compel the defendant to respond to certain discovery demands, and the defendant cross-moved, among other things, for leave to enter a default judgment against the plaintiff based on his fail-

ure to timely answer her counterclaim for a divorce based on cruel and inhuman treatment. On February 2, 2011, the Supreme Court issued two orders. In the first order, the Supreme Court, in effect, searched the record and awarded summary judgment in favor of the defendant dissolving the marriage on the basis of the plaintiff's incarceration pursuant to Domestic Relations Law § 170 (3), and it directed the defendant to submit findings of fact, conclusions of law, and a judgment of divorce on that ground, despite the fact that the defendant had not sought a divorce on that ground. In the second order, the Supreme Court denied, as academic, the plaintiff's motion to compel the defendant to respond to his discovery demands in light of the court's first order.

The Supreme Court should not have, in effect, searched the record and granted the defendant a divorce on a ground that she had not asserted. Furthermore, an essential element of a cause of action for a divorce is the existence of a valid marriage (*cf. Statter v Statter*, 2 NY2d 668, 672 [1957]; *Botti v Botti*, 55 Misc 2d 269 [1967]). Inasmuch as the plaintiff's verified complaint seeking an annulment placed into issue the validity of the marriage, the Supreme Court should not have awarded summary judgment to the defendant (*see Friedman v Roman*, 65 AD3d 1187, 1188 [2009]; *Gulati v Gulati*, 60 AD3d 810 [2009]; *cf. Young Chen v Yehan Zhang*, 67 AD3d 1005 [2009]).

Since the Supreme Court denied, as academic, the plaintiff's motion to compel the defendant to respond to his discovery demands, we remit the matter to the Supreme Court, Queens County, to decide the plaintiff's motion on the merits (*see Ramsey v Ramsey*, 69 AD3d 829, 833 [2010]). Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.