In an action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, and for specific performance of a contract to convey land, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered October 26, 2011, as denied their motion to modify stated portions of an order of the same court entered April 25, 2011, and granted those branches 'of the cross motion of the defendants Anton Dragonides and Maine Service Corp. which were to dismiss the amended complaint insofar as asserted against them for failure to comply with CPLR 3025, to cancel a notice of pendency, and, in effect, for leave to reargue that branch of those defendants’ prior motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the original complaint, which had been denied in the order entered April 25, 2011, and, upon reargument, in effect, vacated the original determination in the order entered April 25, 2011, and thereupon granted that branch of the prior motion of the defendants Anton Dragonides and Maine Service Corp. which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the original complaint.
Ordered that the appeal from so much of the order dated October 26, 2011, as denied the plaintiffs’ motion to modify stated portions of the order entered April 25, 2011, is dismissed as academic; and it is further,
Ordered that the order entered October 26, 2011, is modified, on the law, (1) by deleting the provisions thereof granting those branches of the cross motion of the defendants Anton Dragonides and Maine Service Corp. which were to dismiss the amended complaint insofar as asserted against them for failure to comply with CPLR 3025 and to cancel the notice of pendency, and substituting therefor provisions denying those branches of the cross motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendants Anton Dragonides and Maine Service Corp. which was, in effect, for leave to reargue that branch of those defendants’ prior motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the original complaint, which had been denied *533 in the order entered April 25, 2011, and, upon reargument, in effect, vacating the original determination in the order entered April 25, 2011, and thereupon granting that branch of the prior motion of those defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the original complaint, and substituting therefor a provision denying that branch of the cross motion as academic; as so modified, the order entered October 26, 2011, is affirmed insofar as reviewed, so much of the order entered October 26, 2011, as denied, as academic, that branch of the cross motion of the defendants Anton Dragonides and Maine Service Corp. which was for summary judgment dismissing the amended complaint is vacated, and matter is remitted to the Supreme Court, Queens County, for a determination, on the merits, of that branch of the cross motion of the defendants Anton Dragonides and Maine Service Corp. which was for summary judgment dismissing the amended complaint; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiff Re-Poly Manufacturing Corp. (hereinafter Re-Poly) was incorporated to manufacture and sell plastic sheeting products. Following a fire that destroyed its machinery, Re-Poly and certain of its shareholders commenced the instant action against its president, the defendant Anton Dragonides, Dragonides’ corporation, Maine Service Corp. (hereinafter Maine Service; hereinafter together the Dragonides defendants), and Cary Chin, its Chief Financial Officer. The plaintiffs alleged that Dragonides directed Chin to refrain from mailing out insurance premium checks for insurance coverage prior to the fire, and that, as a result, there was no insurance coverage for the fire losses. The complaint asserted six causes of action, (1) alleging negligence against Dragonides and Chin, (2) alleging breach of fiduciary duty against Dragonides, (3) alleging breach of fiduciary duty against Chin, (4) seeking specific performance of a contract giving Re-Poly an option to purchase certain real property owned by Dragonides in the event shareholders’ investments were not reimbursed within one year of the start-up date of manufacturing, (5) alleging breach of contract against Maine Service for failure to assign its accounts receivable to Re-Poly, pursuant to a contract requiring Dragonides to assign Maine Services accounts receivable to Re-Poly in the event shareholders’ investments were not reimbursed within one year from the start-up date, and (6) seeking dissolution of Re-Poly and the distribution of its assets to shareholders. The Dragonides defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. In an order entered April 25, *534 2011, the Supreme Court granted that branch of the motion which was to dismiss the fourth and fifth causes of action, which were for specific performance and to recover damages for breach of contract against Maine Service, respectively. The court determined that those causes of action were not yet ripe, because Re-Poly never commenced manufacturing and, therefore, there was no “start-up” date. The court also denied that branch of the motion which was to dismiss the second cause of action, which alleged breach of fiduciary duty against Dragonides.
Thereafter, the plaintiffs served an amended complaint (1) alleging breach of fiduciary duty against Dragonides and Chin, (2) seeking specific performance, (3) alleging breach of contract against Maine Service, and (4) seeking dissolution of Re-Poly. The amended complaint alleged that Re-Poly commenced manufacturing in December 2008, which was the startup date, and pleaded the causes of action in greater detail than the original complaint.
The plaintiffs moved pursuant to CPLR 2221 (a) to modify stated portions of the order entered April 25, 2011, relating to the issue of ripeness, on the ground that the original complaint did not plead a start-up date. The Dragonides defendants cross-moved, inter alia, to dismiss the amended complaint for failure to comply with CPLR 3025, to cancel the notice of pendency, and, in effect, for leave to reargue that branch of their prior motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the original complaint, alleging breach of fiduciary duty against Dragonides, contending that the prior order entered April 25, 2011, which denied the prior motion to dismiss that cause of action in the original complaint was the law of the case, and that the business-judgment rule precluded imposing liability against Dragonides, and for summary judgment. The order appealed from denied the plaintiff’s motion, directed the dismissal of the amended complaint for failure to comply with CPLR 3025, canceled the notice of pendency, and, upon reargument, granted that branch of the prior motion which was to dismiss the second cause of action in the original complaint, which alleged breach of fiduciary duty, on the ground that that cause of action was not sufficiently pleaded, and denied, as academic, those branches of the cross motion which were for summary judgment dismissing the amended complaint.
The original motion pursuant to CPLR 3211 (a) to dismiss the original complaint extended the defendants’ time to answer (see CPLR 3211 [f]) until 10 days after service of notice of entry of the order determining that motion, and similarly extended *535 the time within which the plaintiffs could serve an amended complaint as of right (see CPLR 3025 [a]; Johnson v Spence, 286 AD2d 481, 483 [2001]; STS Mgt. Dev. v New York State Dept, of Taxation & Fin., 254 AD2d 409, 410 [1998]). The plaintiffs interposed the amended complaint on May 26, 2011, before they were served on May 31, 2011, with the order determining the original motion to dismiss pursuant to CPLR 3211 (a). Since the plaintiffs served an amended complaint as of right pursuant to CPLR 3025 (a), the Supreme Court should have denied that branch of the Dragonides defendants’ cross motion which was to dismiss the amended complaint insofar as asserted against them for failure to comply with CPLR 3025. The amended complaint superseded the original complaint (see Gotlin v City of New York, 90 AD3d 605, 608 [2011]). Therefore, that branch of the Dragonides defendants’ cross motion which was, in effect, for leave to reargue that branch of their prior motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the original complaint, which had been denied in the order entered April 25, 2011, should have been denied as academic.
Further, since the amended complaint superseded the original complaint and pleaded a start-up date, the plaintiffs’ appeal from so much of the order dated October 26, 2011, as denied their motion to modify stated portions of the order entered April 25, 2011, relating to the failure to allege a start-up date in the original complaint, must be dismissed as academic.
Since the cause of action for specific performance of a contract to convey land would affect the title to, or possession, use, or enjoyment of, real property (see CPLR 6501), the Supreme Court erred in granting that branch of the Dragonides defendants’ cross motion which was to cancel the notice of pendency.
In view of the foregoing, that branch of the cross motion which was for summary judgment dismissing the amended complaint is not academic, and we remit the matter to the Supreme Court, Queens County, to determine that branch of the cross motion on the merits (see Suwei Chuang v Ya Chen Hsieh, 92 AD3d 939, 940 [2012]).
The parties’ remaining contentions are without merit or need not be addressed in light of our determination. Balkin, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.