Citizens Bank, N.A. v Bicknell (2026 NY Slip Op 50267(U))

[*1]

Citizens Bank, N.A. v Bicknell

2026 NY Slip Op 50267(U)

Decided on March 6, 2026

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2026
Supreme Court, Rensselaer County

Citizens Bank, N.A., Plaintiff,

againstDavid Bicknell, Mithil Kamble, Harrison Bicknell, 
 David Hess, and John Doe, Defendants.

Index No. 2019-264461

Salazar and Erikson, LLPDana L. Salazar, Esq., of counselFor Defendant David Bicknell

Noel Mendez, J.

In this 2019 foreclosure action, Defendant David Bicknell ("Defendant") moves this Court for an order directing the County Treasurer for the County of Rensselaer ("County Treasurer") to distribute the full amount of surplus monies to Defendant resulting from the foreclosure sale of the property at issue in this case ("subject property"). Having received no opposition papers to the motion, and for the reasons that follow, the Court grants Defendant's motion and orders that the surplus funds be distributed to Defendant.I.In October of 2019, Plaintiff Citizens Bank, N.A. ("Bank") commenced this action against the above-captioned defendants, including Defendant moving herein, to foreclose on the subject property. In March of 2022, another Acting Justice of this Court signed an Order of Reference and Default Judgment, appointing a referee ("Referee") to handle the sale and disposition of the resulting funds. The property was sold in November of 2022. After calculating and causing to be disbursed all monies due and owing, including attorneys' fees and certain credits to the purchaser, the Referee determined there was a surplus of $68,285.26. This amount represents both the proceeds from the sale and the deposit. Defendant asserts by way of sworn affirmation that no other claims for the surplus have been filed, and that they never received notice of any hearing on the disposition of the monies. Defendant now seeks distribution of the [*2]surplus monies from the County Treasurer. The Bank did not file any opposition papers.

II.
Contrary to Defendant's arguments in support of their motion, the process for disbursing surplus monies in this foreclosure matter resides, not in Section 1197 of the Real Property Tax Law, but in Article 13 of the Real Property Actions and Proceedings Law ("RPAPL"). Specifically, sections 1361 and 1362 of the RPAPL govern the application and payment of surplus monies, respectively. Section 1361 (1) allows any person to file a written notice of claim for the surplus monies arising from the sale of a mortgaged property any time before the confirmation of the report of sale. Section 1362 (1) states that, upon the confirmation of the report of sale, or upon proceedings commenced under Section 1361, the Court shall order the payment of the surplus proceeds to "such persons as are entitled thereto." Pursuant to PRAPL 1361 (3), the owner of equity of redemption, any person who has appeared in the action, any person who has filed a notice of claim, or any person who has recorded a lien against the property shall be provided with notice to attend any hearing regarding the disposition of the surplus monies. In any event, a named party need not file a notice of claim (see e.g., Franklin Credit Mgt. Corp. v Pearlman, 16 AD3d 617, 618 [2nd Dept 2005]).
Surplus monies from a foreclosure sale are not a general asset of the owner of the equity of redemption; rather, they stand in the place of the property for purposes of distributing the money amongst those persons or entities having a vested interest in, or liens on, the property (see NYCTL 1997-1 Trust v Stell, 184 AD3d 9, 14 [2nd Dept 2020], lv denied 35 NY3d 913 [2020], citing First Fed. Sav. & Loan Assn. of Rochester v Brown, 78 AD2d 119, 123 [4th Dept 1980]; Roosevelt Sav. Bank v Goldberg, 118 Misc 2d 220, 221 [Sup Ct, Nassau County 1983]). Only those judgments and liens that were placed on the property at the time of the sale are considered liens against the surplus monies (see id., quoting Mortgage Elec. Registration Sys., Inc. v Levin, 63 AD3d 890, 891 [2nd Dept 2009], quoting Pindus v Newmat Leasing Corp., 71 AD2d 948, 949 [2nd Dept 1979]). The rights of the parties are fixed at the time of the sale, and the rights of a subordinate lienholder, if any, are transferred to any surplus (see id., citing Elsworth v Woolsey, 154 NY 748 [1897], affg 19 App Div 385 [1st Dept 1897]). If at the time of sale no valid lien exists, nothing is transferred to the surplus (see id., citing Nutt v Cuming, 155 NY 309, 312 [1898]).
Proceedings concerning surplus monies are not collateral in nature; they are part of the foreclosure action itself (see id., citing Livingston v. Mildrum, 19 NY 440, 442 [1859]; Thomas Mort. [3rd ed.] § 1101). The rights of subsequent lienholders are before the presiding court and must be protected in much the same manner as the rights of the property owner (see id., citing Livingston v. Mildrum, 19 NY 440, 442 [1859]; Thomas Mort. [3d ed.] § 1101). A foreclosure action is not over until the surplus monies are distributed (see id., citing Mut. Life Ins. Co. v Bowen, 47 Barb 618, 618 [NY Gen Term 1866]).
Defendant moves under the wrong statute. Given, however, there is no opposition, the Court grants Defendant's motion (compare Hernandez v Santiago, 60 Misc 3d 1228[A] [Civ Ct 2018] [the defendants' motion to strike note of issue "must be denied on grounds that defendants move under the wrong statute and/or rule"], with Carinha v Carinha, 178 Misc 2d 635, 638 [Sup Ct 1998] ["The Court has disregarded the fact that plaintiff cited the wrong rule . . . in the notice of motion as no prejudice has occurred"]). It is hereby
ORDERED and ADJUDGED, that Defendant's motion is hereby GRANTED; and it is further
ORDERED and ADJUDGED, that the Rensselaer County Treasurer, upon service of a [*3]certified copy of this Order and a completed IRS Form W-9, is hereby directed to release and pay to Defendant David Bicknell the sum of sixty-eight thousand two hundred eighty-five dollars and twenty-six cents ($68,285.26), plus any accrued interest, and less any less any fees due to the Clerk; and it is further
ORDERED and ADJUDGED, that payment of the said funds shall be made in the name of David Bicknell, but mailed to their counsel, Dana L. Salazar, Esq., Salazar and Erikson, LLP, 573 Columbia Turnpike, Building 2, East Greenbush, New York 12061.
This shall constitute the Decision and Order of this Court. Counsel for Defendant shall serve a copy of this Decision and Order to all parties no later than March 31, 2026, with Notice of Entry.
Dated: March 6, 2026Troy, New YorkHon. Noel MendezActing Justice of the Supreme CourtPapers Considered:All motion papers submitted by Defendant, along with their attached exhibits.